(February 18, 1908.)

## BOARD OF COUNTY COMMISSIONERS, Appellant, v. GEORGE BASSETT, Respondent.

[93 Pac. 774.]

APPEAL BY BOARD FROM JUDGMENT OF DISTRICT COURT—AUTHORITY OF COUNTY ATTORNEY TO TAKE APPEAL—POWER OF BOARD TO SETTLE CASE ON APPEAL—MOTION TO DISMISS APPEAL.

1. Under the provisions of an act entitled "An act fixing the qualifications, and prescribing the powers and duties of county attorneys," approved Feb. 2, 1899 (Laws 1899, p. 25), it is made the duty of the prosecuting attorney to defend all actions, applications or motions, civil or criminal, in the district court of his county, in which the people of the state or the county is interested or a party.

2. Under the provisions of subd. 13, sec. 1759, Rev. Stat., as amended, the board of commissioners is given the power to direct and control the prosecution and defense of all suits to which the county is a party in interest.

3. The foregoing provisions of the law in regard to the duties of the county attorney and the powers of the board must be read together, and under those provisions the prosecuting attorney must look after and defend any and all litigation instituted against the county, and has the power to take an appeal in any such cases from the district court to the supreme court, and it does not require an order of the board of commissioners to authorize him to do that.

4. Under the powers given to the board of commissioners, it may settle a case pending against the county, on appeal, and where they do settle such case, and it appears from the record that no beneficial results can accrue to the county from a determination of the appeal, the appeal will be dismissed on motion.

(Syllabus by the court.)

APPEAL from the District Court of Fourth Judicial District for Twin Falls County. Hon. Edward A. Walters, Judge.

Appeal by the board of commissioners from an order of the district court, directing them to issue liquor license. *Appeal dismissed on motion.*

F. A. Hutto, Prosecuting Attorney, for the Appellant, cites no authorities on points decided.

Sweeley & Sweeley, for Respondent, file no brief.

SULLIVAN, J.—This is an appeal from a judgment of the district court reversing an order of the board of county commissioners of Twin Falls county, and directing that a liquor license be issued to the respondent. It is an appeal on behalf of the board of county commissioners. A motion has been made to dismiss the appeal on three several grounds, the first of which is that the appeal was not taken upon the authority or order of the board of county commissioners, but upon the volunteer action of the county attorney; and second, that the appeal was not legally taken for the reason that it

was not taken by the attorney general of the state; and third, that the judgment and order have been fully executed and complied with and satisfied by the said board of county commissioners.

There is nothing whatever in the first two contentions, for the reason that it is made the duty of the prosecuting attorney (Sess. Laws 1899, p. 25) to prosecute or defend all actions, applications or motions, civil or criminal, in the district court of the county, in which the people of the state or the county is interested or a party. The prosecuting attorney is the legal adviser of the board of county commissioners. Under the provisions of subd. 13 of sec. 1759, Rev. Stat., as amended, the board of commissioners is given the power to direct and control the prosecution and defense of all suits to which the county is a party in interest, and employ counsel to conduct the same, with or without the prosecuting attorney, as they may direct. Those provisions must be read in connection with the provisions of the statute, which prescribe the duties of the county attorney. Under the law, it is made his duty to look after and defend any and all litigation instituted against the county, and if it becomes necessary to take an appeal, he has full authority to take it, and it is unnecessary for him to wait for the action of the board of county commissioners to give him directions and orders in regard to the same. The statute gives the board of commissioners the right to direct the litigation, and if that board sees fit to compromise or settle the case pending against the county, they have the right to settle or direct the case to be dismissed, and it appears from the record in this case that the board of county commissioners complied with the order and judgment of the district court without consulting the county attorney, which they had a legal right to do.

As the case has been fully settled, no beneficial results can come from a determination of the issues made on this appeal.

It is true, as appears from the record presented on this motion, that the board acted without knowledge of an appeal having been taken, and under the facts, this court might proceed and determine the case under the authority of *Warner*

*Bros. Co. v. Freud,* 131 Cal. 639, 82 Am. St. Rep. 400, 63 Pac. 1017, 2 Cyc. 647; but under all the facts of this case, and considering that the time for which the license was issued is about to expire, we have concluded to sustain the motion and dismiss the appeal. The appeal is therefore dismissed, with costs in favor of the respondent.

Ailshie, C. J., and Stewart, J., concur.