[No. 20552. Department One. January 12, 1928.]

SUSANNA PARR, *Respondent,* v. SARAH J. DAVISON *et al.,*
*Appellants.*[1]

[1] EXECUTORS AND ADMINISTRATORS (104)—DECREE OF DISTRIBUTION
—CONCLUSIVENESS. Where the widow took, under the will of
her husband, a life estate in certain real property, the whole
title to which was devised and it was so distributed, it is too
late to raise the question that it was community property of
her husband.

[2] WILLS (1)—PROPERTY SUBJECT TO TESTAMENTARY DISPOSITION—
LIFE ESTATE. Where the widow took, under the will of her
husband, a life estate in certain real property, her interest
terminated upon her death and vested in her husband's resid-
uary legatee, and her attempt to devise it is void.

[3] COURTS (51)—EXECUTORS AND ADMINISTRATORS (104)—DISTRIBU-
TION—DECREE—CONCLUSIVENESS. A decree of distribution, follow-
ing the terms of a void attempt to devise land not owned by the
testatrix, does not create a title, and is not binding on the owner
who had no personal notice of, and made no appearance in, the
proceeding.

Appeal from a judgment of the superior court for
Whatcom county, Brown, J., entered May 6, 1926, upon
findings in favor of the plaintiff, in an action to quiet
title. Affirmed.

*Chas. B. Sampley* and *Wm. H. Pemberton,* for ap-
pellants.

*U. D. Gnagey,* for respondent.

MITCHELL, J.—This action was brought by Susanna
Parr to quiet title to the east forty-five acres of the
east half of the southeast quarter of section 33, town-
ship 40 north, range 1 east, in Whatcom county, less
two acres in the southwest corner of the forty-five acre
tract. The descendants of one William Parr, who are

[1]Reported in 262 Pac. 959.

residuary legatees under his will, are defendants. Judgment was for the plaintiff. The defendants have appealed.

William and Rosannah Parr were husband and wife and parents of the defendants, other than one, of whom they were grandparents; also they were the parents of George W. Parr, now deceased, who was the husband of the respondent.

William Parr acquired, among other property, the forty-five acres above referred to, forty-three acres of which are involved in this action. He died in Whatcom county in 1906, his wife surviving him. He left a will by which he devised the forty-five acres to his son George W. Parr, subject, however, to a life estate in favor of the decedent's wife, Rosannah. The will was probated and the estate settled. Pertinent provisions in the decree allowing the final account and distributing the property, dated April 8, 1907, are as follows:

"It is further ordered, adjudged and decreed, that the residue of the said estate, be and the same is, hereby, in accordance with the terms of said will, distributed as follows, to-wit:

"To Rosannah Parr, widow of said deceased, all of the personal property of said estate consisting of seven milch cows, two horses, and two wagons; and also a life estate in and to the real estate owned by the said deceased, and described as follows: The east half of the southeast quarter of section thirty-three, in township forty, north, of range one east of the Willamette Meridian, situated in Whatcom county, Washington:

"To George W. Parr, son of said deceased, the east forty-five acres of the said east half of the southeast quarter of said section thirty-three, in township forty, north, of range one east of the Willamette Meridian, situated in Whatcom county, Washington, subject to the said life estate."

That is, the court construed the will, and by the order decreed and distributed to George W. Parr the forty-five acres in question, subject to the life estate in favor of his mother. Thereafter Rosannah Parr and her son George W. Parr and his wife resided on the property until the death of Rosannah, upon the happening of which George W. Parr became vested with an absolute title to the forty-five acres in his own right.

[1] There is some claim on the part of the appellants that the property was community property of William Parr and his wife, but it is too late to raise that question now. The will of William Parr purported to convey the whole interest in the property, and it is clear, from the record, that his surviving wife Rosannah Parr took under the will.

In 1918, Rosannah Parr died, leaving a will which was admitted to probate and under which her estate was settled. In her will, she treated this forty-five acres as belonging to her and purported to devise it to her son George W. Parr, with the understanding, however, that, if he should die without issue, the estate thus devised to him should go to his wife, the respondent herein, during her natural life and at her death revert to the descendants of the testatrix, the appellants herein. The decree of distribution in her estate followed those terms of her will.

[2] George W. Parr died in 1924, without issue, and the claim of the appellants is that his widow, the respondent, has only a life estate in the property because of the terms of Rosannah Parr's will and the decree of distribution of her estate. But, as has been noticed, under the will of William Parr his wife took only a life estate in the property. Upon her death that estate terminated. She had in it nothing to convey by will, and her attempt to devise it was void.

[3] Nor did the decree of distribution in her estate create a title. *Kempf v. Michelbach,* 115 Wash. 193, 196 Pac. 661; *In re Ostlund's Estate,* 57 Wash. 359, 106 Pac. 1116, 135 Am. St. 990. The function of a decree of distribution is to declare the title which accrues under the law of descents, or under the provisions of a will. Here, as to the property involved in this action, upon the death of Rosannah Parr, no title or interest accrued by either of those means. Nor was George W. Parr bound or estopped by the terms and provisions of her will nor of the decree of distribution in her estate. He entered no appearance in, nor did he have any personal notice of those proceedings. The terms of a will or a decree of a court in administering an estate cannot thus deprive a third person of his property.

Affirmed.

MACKINTOSH, C. J., TOLMAN, PARKER, and FRENCH, JJ., concur.