**BOUNDARY COUNTY, IDAHO, et al. v. WOLDSON.**

No. 10575.

Circuit Court of Appeals, Ninth Circuit.

Aug. 8, 1944.

Rehearing Denied Oct. 4, 1944.

W. J. Nixon, of Bonners Ferry, Idaho, and Geo. W. Young, of Spokane, Wash., Pros. Atty., Boundary County, for appellant.

Ezra R. Whitla and E. T. Knudson, both of Coeur D'Alene, Idaho, for appellee.

Before STEPHENS and HEALY, Circuit Judges, and FEE, District Judge.

JAMES ALGER FEE, District Judge.

The instant action in which Boundary County, Idaho, and its present Commissioners are plaintiffs, is an attempt upon the part of plaintiffs to recover from the defendant $49,232.63 with interest, or in the alternative, that certain tax deeds executed by officers of Boundary County on December 30, 1938, be set aside and Woldson be required to account for proceeds received by him from the use of the real estate described in the tax deeds.

As a curtain raiser for this action, Woldson, the present defendant, brought an action in the state courts of Idaho against the Commissioners of Boundary County, and Drainage District No. 1 of Boundary County, Idaho, alleging that the defendants therein named, were unwilling to follow the directions of the Idaho Court previously given, to complete a tax sale and accept the bid of Woldson which had been tendered in that case. This previous litigation terminated by the making of findings of fact, conclusions of law and a judgment and decree which, in fact, was what would normally be termed an order for a peremptory writ of mandamus. This judgment of mandate contained a description of the various pieces of real estate involved and the amounts bid for them, respectively. The judgment of mandate thereupon provided that: " * * * it is ordered and adjudged that a peremptory writ of mandate * * * issue * * * commanding the said defendant Commissioners of Boundary County, Idaho, to forthwith convene in session and to issue and to make, execute and deliver to the plaintiff (Woldson) good and sufficient deeds and conveyances to the property described * * * upon the plaintiff making payment to the said defendants or to the Treasurer of Boundary County, Idaho, for said property either in cash or its equivalent, provided, however, that the amount due to Boundary County, Idaho, for state and county taxes shall be paid in cash * * *."

The judgment further provided: "It is further ordered that the County Commissioners of Boundary County, Idaho, shall give to the plaintiff notice when said Commissioner's Deed will be ready for delivery to him and that the plaintiff within five (5) days thereafter shall make payment to the said County Commissioners, or to the County Treasurer of Boundary County, Idaho, therefor."

Although the writ of mandate, which was issued by the Clerk of the District Court of the Eighth Judicial District of the State of Idaho in and for the County of Boundary, who was also the Clerk of the Board of

County Commissioners of said County, did not contain any reference to the manner of payment, the Commissioners of the County and Drainage District notified Woldson that they would cause to be executed and delivered to him deeds to the property described in the judgment upon the payment by him of $22,811.33 in cash, for the state and county taxes, and the delivery by him of bonds, interest coupons and warrants in the amount of $49,232.63 for the charges of the District. No appeal was taken from the judgment and on December 30, 1938, in strict conformity with the judgment, the defendant here, Woldson, paid $22,811.33 in cash and $49,232.63 in bonds, bond interest coupons and warrants of Drainage District No. 1 of Boundary County, Idaho, and thereupon, in strict accordance with the judgment and the mandate, the County Commissioners accepted said cash and bonds, bond interest coupons and warrants in satisfaction of the bid of plaintiff and issued deeds to the property duly executed and delivered. Under the deeds, possession of the land was taken by Woldson who, thereafter, paid the Drainage District assessments levied against the property in the sum of $16,250.90 and taxes in the sum of $55,580.09. Woldson also sold a portion of the land so deeded to one Vinion who went into possession with the full knowledge of plaintiffs. A few months later, when new officials of Boundary County took office, the instant action was commenced.

■ The federal judge before whom this present cause was first brought, after hearing issued an opinion in which, referring only to the mandate, he apparently held that the state court had directed that the deeds in question should be issued only when paid for in full in cash. Before the entry of findings of fact, conclusions of law and a judgment based upon this opinion just referred to, the judge, by some inadvertence, was prevailed upon to sign an order directing that the clerk of the federal court issue deeds, as a Commissioner, to Boundary County, Idaho, conveying to the County all the properties described in the complaint in the instant cause. Thereafter, the cause was resubmitted to the Honorable L. B. Schwellenbach, sitting by assignment in the District of Idaho. The opinion of Judge Schwellenbach recites that the entire matter was submitted to him upon the record and that the plaintiffs confessed the motion to set aside the previous order of the court directing the clerk to issue deeds. Appeal is taken from the findings and judgment of the court and particularly from the findings and conclusions which hold that this previous order of the court was invalid.

The first contention is that there was no authority to set aside the order of the first judge to the clerk, to convey to Boundary County the property heretofore deeded to Woldson. But the judge who first heard the case did not enter any findings, conclusions or judgment after the hearing on the merits upon which an order to convey could have been based. The order directing the conveyance of the property by the clerk has now been set aside by the final judgment here under consideration. If that first order directing the clerk to reconvey had not been set aside, an appeal would have lain therefrom and this court would now have been required to consider the validity thereof.

There is no rule which required Judge Schwellenbach to consider the previous opinion in the case of res judicata or as binding upon him. If the whole matter was resubmitted to Judge Schwellenbach, as his opinion and findings indicate, then he was entitled to consider it as new matter and to rule thereon as the facts and the law dictated. If he had followed the opinion of the previous judge, the question would still be before us as to whether the matter were correctly ruled upon or not.

■ This brings us to the key question in the case. Was the judgment of the state court res judicata? We think it was. An excellent argument can be made that the judgment of the state court was erroneous. But whether that be so or not, is of no materiality. There must be an end to litigation and when a matter has been fully and finally presented to a court of general jurisdiction and judgment has been pronounced thereon, the facts and the law therein should be finally established between the parties once the time for appeal has elapsed. There is no dissent from this principle and the authorities which support it are legion.

■ The failure of the clerk to include in the writ of mandate the exact language of the court has no significance. At best, it was a mere clerical misprision. The judgment has been acted upon by all parties and has been given full effect. It has been satisfied and the writ has been carried out according to the intendment of the judg-

ment. The writ has performed its function and is null and void. The judgment has become functus officio by the acts of plaintiffs and defendants in this case. The judgment of the state court of Idaho was valid and was satisfied. It is no more. Money paid under a judgment cannot be recovered. Deeds executed in accordance with the terms of a judgment cannot be cancelled involuntarily.

▇▇ An excerpt from the illuminating opinion of Judge Schwellenbach in the trial court ably disposes of the matter as follows:

"In this case, plaintiffs seek collaterally to attack a judgment of the court of the State of Idaho. No appeal having been taken from the judgment, it was final and binding. The plaintiff's duly elected County Commissioners were parties to that suit in the State Court. Consequently, it was binding upon plaintiff Boundary County. Sec. 30-719, Idaho Code Annotated, Board of [County] Commissioners v. Bassett, 14 Idaho 324, 93 P. 774. The court had jurisdiction over the parties to and the subject matter of that action. Stoll v. Gottlieb, 305 U.S. 165, 172 et seq., 59 S.Ct. 134, 83 L.Ed. 104. The Idaho court judgment is res judicata and can not collaterally be attacked in this court. Sunshine Mining Company v. Treinies, D.C., 19 F.Supp. 587; Treinies et al. v. Sunshine Mining Company, 9 Cir., 99 F.2d 651, affirmed Treinies v. Sunshine Mining Company, 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85. What Judge Cavanah said in that case (19 F.Supp. 587, 594) is peculiarly pertinent here. 'Public policy dictates that there be an end of litigation, and especially where the parties have contested an issue in a court having first jurisdiction. This thought is forcibly expressed by Mr. Justice Roberts in the case of Baldwin v. Iowa State Traveling Men's Association, 283 U.S. 522, 525, 51 S.Ct. 517, 518, 75 L.Ed. 1244, where it is said: "Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest; and that matters once tried shall be considered forever settled as between the parties. We see no reason why this doctrine should not apply in every case where one voluntarily appears, presents his case and is fully heard, and why he should not, in the absence of fraud, be thereafter concluded by the judgment of the tribunal to which he has submitted his cause." ' When the Treinies case reached the Supreme Court (308 U.S. 66, 78, 60 S.Ct. 44, 51, 84 L.Ed. 85) Mr. Justice Reed succinctly stated the rule: 'One trial of an issue is enough. "The principles of res judicata apply to questions of jurisdiction as well as to other issues," as well as to jurisdiction of subject matter as of the parties.' If the Idaho court committed error in including the words 'or its equivalent' in the judgment, that error should have been corrected by appeal and not by a separate action collaterally attacking it. The correctness of that conclusion was demonstrated by the Circuit Court in Treinies v. Sunshine Mining Company, 9 Cir., 99 F.2d 651, 655, when Judge Mathews used this language: 'Whether the issues determined by the Idaho decree were rightly or wrongly determined, is no longer open to inquiry having been rendered by a court which had jurisdiction to render it, and having long since become final, that decree, even though erroneous, is valid and conclusive on the parties thereto and all persons claiming under them. Roche v. McDonald, 275 U.S. 449, 454, 48 S.Ct. 142, 72 L.Ed. 365, 53 A.L.R. 1141.' This court has no right to disregard the language of the Idaho judgment. A judgment or decree must be construed as a whole so as to give effect to every word and part. 34 C.J. 501, para. 794; Salt Lake City et al. v. Salt Lake City Water & Electrical Power Co., 54 Utah 10, 174 P. 1134 [at] page 1138. The fact that the words 'or its equivalent' were used purposefully is demonstrated by the proviso requiring that the taxes should be paid in cash. The fact that all the parties understood that the words or 'its equivalent' meant bonds, interest coupons and warrants is demonstrated by the fact that they were what were demanded by the County Commissioners at the meeting of December 30, 1938. The mere fact that the Idaho court may have committed error by the inclusion of such language does not detract from the force or the finality of the decree." [49 F.Supp. 600, 602.]

Further questions have been raised as to estoppel, but we need not consider them since the foregoing reasoning is conclusive. The judgment dismissing the cross-complaint of Martin Woldson was not appealed from and is therefore not considered.

The judgment is affirmed.