## PARKER v. UNITED STATES.

### No. 1721.

District Court, N. D. West Virginia.

Oct. 23, 1939.

Claude L. Dawson, of Washington, D. C., for plaintiff.

Jacob S. Hyer, of Elkins, W. Va., and J. M. LeMense, of Cincinnati, Ohio, for the United States.

WATKINS, District Judge.

Plaintiff, a World War veteran, instituted this suit to recover the monthly benefits of a War Risk insurance policy, alleging that he had become permanently and totally disabled. Prior to the effective date of the new rules, defendant made a motion to dismiss the complaint because, (a) the action was barred by the statute

of limitations, and (b) was res judicata. Subsequent to the effective date of the new rules, plaintiff moved to strike the motion to dismiss. Treating the motion to dismiss as an answer setting up the defenses of statute of limitations and res judicata, plaintiff's motion to strike was overruled. Thereafter, defendant filed an amended answer more definitely describing these defenses. The defense of res judicata has been submitted to the court upon an agreed statement of facts.

It appears that this identical contract of insurance and this identical claim for insurance benefits have been the subject of two previous suits in this court. The first was instituted by plaintiff on January 24, 1933, and was voluntarily dismissed without prejudice on plaintiff's motion on November 21, 1933. The second suit was instituted by plaintiff on May 4, 1936. In that case defendant filed a special plea and an answer, each setting up defense of the statute of limitations. This defense was contested and the case submitted to the court for decision upon an agreed statement of facts. Judge William E. Baker, now senior judge of this court, decided that the claim was barred by the statute of limitations, and on July 27, 1937, entered an order dismissing the case. No appeal was prosecuted, but instead, plaintiff instituted this third suit upon the same cause of action on July 11, 1938.

Plaintiff contends that the former decision of this court on the question of statute of limitations is not res judicata by reason of Title 38, Sec. 445, U.S.C., 38 U. S.C.A. § 445, providing, in part, as follows: "If suit is seasonably begun and fails for defect in process, or for other reasons not affecting the merits, a new action, if one lies, may be brought within a year though the period of limitations has elapsed. * * *" He claims that the former suit in this court was dismissed for reasons not affecting the merits, and that this suit was instituted within one year after the last suit was dismissed.

 A careful reading of this statute shows that a new suit can be maintained after the statute of limitations has elapsed only where the previous suit was "seasonably begun". To hold otherwise would completely nullify the general six-year statute of limitations upon such claims. It was not the intention of Congress that the permission here given to institute suit after the statute of limitations had elapsed should result in defeating the general statute of limitations. No such intention is expressed, nor can it be implied. The fact that a new suit was instituted within one year from the date that a previous suit was dismissed, does not affect the fact that the claim had been previously outlawed. Ball v. United States, 6 Cir., 101 F.2d 272; Dowell v. United States, 5 Cir., 86 F.2d 120, 121.

 In dismissing the previous suit, Judge Baker decided that it had not been seasonably begun. Having litigated the question of the statute of limitations in the previous suit and been defeated, plaintiff cannot litigate the same question again in this court. His remedy was by appeal only.

[5-7] In a War Risk insurance case the statute of limitations is a matter which goes to the jurisdiction of the court. But after a federal court has decided that question of jurisdiction as a contested issue, the court in which the plea of res judicata is made does not have the power to inquire again into that jurisdictional fact. In an actual controversy the question of the statute of limitations was raised and determined adversely to the respondent. That determination is res adjudicata of that issue in this action. Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104; Baldwin v. Iowa State Traveling Men's Association, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244; Catholic Society of Religious and Literary Education v. Madison County et al., 4 Cir., 74 F.2d 848.

For the reasons assigned, the complaint should be dismissed.