**PARKER v. UNITED STATES.**

No. 4634.

Circuit Court of Appeals, Fourth Circuit.

Aug. 16, 1940.

Claude L. Dawson, of Washington, D. C. (Raleigh Lee Stubbs, of Fairmont, W. Va., on the brief), for appellant.

Young M. Smith, Atty., Department of Justice, of Washington, D. C. (Joe V. Gibson, U. S. Atty., of Kingwood, W. Va., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., and Wilbur C. Pickett, Sp. Asst. to the Atty. Gen., on the brief), for appellee.

Before PARKER and DOBIE, Circuit Judges, and CHESNUT, District Judge.

DOBIE, Circuit Judge.

Frank Parker (plaintiff-appellant, hereinafter called claimant) filed with the Veterans' Bureau a claim against the United States for disability benefits under his policy of war risk insurance. There were decisions (all adverse to claimant) on this claim by different branches of the Veterans' Bureau and claimant instituted three civil actions, all based on the same claim, against the United States, in the United States District Court for the Northern District of West Virginia, 29 F.Supp. 741.[1]

Claimant dismissed without prejudice the first of these actions, apparently on the belief that there had been no adequate disagreement. Section 405, 40 Stat. 410, 38 U.S.C.A. § 445. In the second action (hereinafter called the Baker action), Judge Baker sustained the Government's special plea of the Statute of Limitations and thereupon entered judgment dismissing this action. From this ruling and judgment, no appeal was taken by claimant. Still a third action (hereinafter called the Watkins action) was later brought by claimant.

In the Watkins action, claimant endeavored to bring himself within the provisions of a saving clause in the Veterans' Act (§ 19, World War Veterans' Act of 1924, 38 U.S.C.A. § 445), which reads as follows: "If suit is seasonably begun and fails for defect in process, or for other reasons not affecting the merits, a new action, if one lies, may be brought within a year though the period of limitations has elapsed."

Judge Watkins decided that, in order that claimant might bring himself within the beneficent provisions of this saving

---

[1] Chronology of Parker Claim

(1) October 30, 1930: Original claim filed with Veterans' Bureau.

(2) April 29, 1932: Claim denied by Insurance Claims Council.

(3) April 30, 1932: Notice of this denial mailed to claimant.

(4) January 24, 1933: First action on claim instituted in U. S. District Court.

(5) November 21, 1933: First action dismissed without prejudice.

(6) February 23, 1935: New claim filed with Veterans' Bureau.

(7) December 13, 1935: Supplemental decision by Insurance Claims Council, affirming the decision of April 29, 1932.

(8) January 22, 1936: Claimant filed with Veterans' Bureau an appeal from the decision of December 13, 1935.

(9) April 3, 1936: Board of Veterans' Appeals confirmed the decision of the Insurance Claims Council.

(10) May 4, 1936: Second (Baker) action instituted in U. S. District Court.

(11) July 27, 1937: Judge Baker filed opinion sustaining the Government's plea of the Statute of Limitations.

(12) July 11, 1938: Third (Watkins) action instituted in U. S. District Court.

(13) November 21, 1939: Third action dismissed by Judge Watkins on sustaining Government's plea of res judicata.

(14) February 20, 1940: Claimant-appellant filed notice of appeal from judgment of Judge Watkins.

clause, claimant must have instituted the Baker action within the period prescribed by the general Statute of Limitations in the Veterans' Act (otherwise, the Baker action was not "seasonably begun" as that term is used in the saving clause), and that, as to claimant, the decision of Judge Baker (in the Baker action) on the general Statute of Limitations was res judicata. Judge Watkins thereupon entered judgment (in the Watkins action) in favor of the United States. Whereupon this appeal (in the Watkins action) was taken to our Court.

Since we believe this decision of Judge Watkins upon the plea of res judicata to be correct, we affirm the judgment of the District Court on that score. Accordingly, we need not here concern ourselves with the proceedings before the Veterans' Bureau, or with the first action which was dismissed without prejudice; nor are we called upon to pass on the correctness or the incorrectness of the decision (in the Baker action) of Judge Baker. For, under the view we take, claimant's only remedy there was by appeal from Judge Baker's decision in the Baker action. And, as has been indicated, no such appeal was taken.

Since the Watkins action must admittedly come within the terms of the saving clause, if it is to lie, it now becomes necessary to discuss the precise meaning of this clause and to show exactly the specific situations to which that clause is applicable. Then, we believe, it will clearly appear that claimant cannot bring his claim under this clause, because he fails to satisfy the first condition precedent to the operation of the clause. The Baker action was not "seasonably begun" as required by the saving clause.

■ The saving clause (on which claimant relies) may be, we think, thus paraphrased. If an action (under the Veterans' Act) is instituted within the period prescribed by the Statute of Limitations of this Act, then (and only if this essential condition precedent has been fulfilled) if also this first action fails for some reason not affecting the merits of the claim on which this first action was based, a new action on this same claim may be instituted, provided this new action is instituted within one year from the institution of the first action, even though the bar of the Statute of Limitations fell after the institution of the first action and before the institution of the second action.

■ Accordingly, claimant, having failed to satisfy this first and absolutely essential condition precedent prescribed by the saving clause ("If the suit be seasonably begun"), cannot invoke the saving clause. This alone puts him beyond the terms of the saving clause. So we need not decide whether or not the dismissal of the Baker action under the general Statute of Limitations was a failure of this action for "reasons not affecting the merits".

"It is the contention of the plaintiff (claimant-appellant) that Judge Baker made no decision under the Saving Clause of the Statute and that under the provisions of this Saving Clause, the District Court in the present (Watkins) action has a right to re-determine and re-decide whether the previous (Baker) action was 'seasonably' begun and that the issue was no res judicata because no decision has ever been made under the terms of the statute upon which the Watkins suit is predicated." Appellant's brief, p. 5.

So we are asked to reverse the judgment of Judge Watkins, to remand this case to the District Court "with instructions to that Court to hear and determine the plaintiff's cause of action upon its merits". Appellant's brief, p. 18. This we cannot do. Plaintiff's contention, we think, is quite unsound in that it seeks to give an erroneous and unduly restricted scope to the beneficent application of the doctrine of res judicata.

■ The doctrine of res judicata, with its underlying philosophy, has long been recognized, and is a familiar doctrine, in jurisprudence. Thus, in a recent note in 54 Harvard Law Review, pages 652, 653, it is said: "Roughly, the concept of res judicata is that when parties have once litigated an issue it should be concluded. The Roman law enunciated the theory at an early date, and it has been applied consistently by the courts of the United States and England, as well as by the courts of modern Europe."

In the Funk & Wagnalls Standard Dictionary, we find: "Res adjudicata, an issue or point of law that has been previously decided by a court of authoritative or competent jurisdiction, and which when pleaded is conclusive of the matter in controversy by way of estoppel. To constitute a conclusive res adjudicata, four conditions or identities must be found concurring, viz., identity in the thing sued for, in the cause of action, in the parties to the

action, and in the quality or capacity of the persons for or against whom the claim is made."

In Southern Pacific Railroad Co. v. United States, 168 U.S. 1, 48, 49, 18 S.Ct. 18, 27, 28, 42 L.Ed. 355, Mr. Justice Harlan admirably outlined the doctrine of res judicata and the reasons for its application: "The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for, the aid of judicial tribunals would not be invoked for the vindication of rights of person and property if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue, and actually determined by them."

Again, in Baldwin v. Iowa State Traveling Men's Association, 283 U.S. 522, 525, 51 S.Ct. 517, 518, 75 L.Ed. 1244, Mr. Justice Roberts succinctly stated: "Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest; and that matters once tried shall be considered forever settled as between the parties. We see no reason why this doctrine should not apply in every case where one voluntarily appears, presents his case and is fully heard, and why he should not, in the absence of fraud, be thereafter concluded by the judgment of the tribunal to which he has submitted his cause."

Other leading cases on this subject are Cromwell v. Sac County, 94 U.S. 351, 24 L.Ed. 195; New Orleans v. Citizens Bank, 167 U.S. 371, 17 S.Ct. 905, 42 L.Ed. 202; United States v. Moser, 266 U.S. 236, 45 S.Ct. 66, 69 L.Ed. 262. See, also, the opinion of Circuit Judge Soper (expressly approving the application of the above-quoted statement in the Baldwin case) in Catholic Society of Religious and Literary Education v. Madison County, 4 Cir., 74 F.2d 848, 850.

It is not difficult to find in the books a number of cases setting out somewhat subtle refinements and drawing quite nice distinctions which might serve to condition and restrict the application of the principle and philosophy of res judicata. We do not deem it necessary to discuss and distinguish these cases; for we do not believe that any respectable authority can be found to substantiate the contention of claimant in the instant case. Claimant relies heavily upon Executors of James Green, Deceased v. United States, 18 Ct. Cl. 93. That case (which we have carefully considered) is close to, but not "on all fours" with, the present case; and insofar as the opinion of Judge Scofield in the Green case contains language opposed to our decision, we are not disposed to follow that language. Nor do we find anything contrary to our decision in Hughes v. United States, 4 Wall. 232, 18 L.Ed. 303. The Baker action and the Watkins action were between the same parties, involved the same point of controversy and were based on the same claim. The decision by Judge Baker did not dismiss the Baker action for any defect of pleadings or parties, or any misconception of the form of pleadings or any want of jurisdiction. Under Judge Baker's decision, there was no formal error which claimant might have corrected. Judge Baker decided that the Baker action was barred under the general Statute of Limitations. If Judge Baker was correct in this decision, claimant cannot, as has been indicated, satisfy the first essential condition precedent of the saving clause. There is no merit, we think, in claimant's contention that the decision of Judge Baker in the Baker action is not res judicata as to the Watkins action merely because Judge Baker was not considering the saving clause and Judge Watkins was. We find no case so technical as to warrant such a distinction.

The reply brief of claimant closes with a rather moving appeal to our sympathies: "When a man is sent by his government 3000 miles to face the enemy on the battle front and receive severe battle injuries as this Appellant did, the least that the government can do that sent him there is to give him a day in Court."

334

The answer to this appeal seems rather obvious. The claimant has already had his day in Court and if he was dissatisfied with Judge Baker's decision, his remedy was by appeal to this Court. The saving clause is a remedial statute. As such, it should be construed liberally; but this does not imply that its clear meaning should be distorted. There is, too, against this contention of claimant, a strong argumentum ab inconvenienti. If claimant's contention be sound, every holder of a war risk insurance policy can demand not one day in court but two days, and can insist upon not one bite, but two bites, at the judicial cherry. Having failed to appeal from the decision of Judge Baker in the Baker action, claimant cannot invoke the saving clause to question the correctness of that decision, even though that decision (which we do not concede) might have been utterly erroneous. For, if the doctrine of res judicata applies here, and we think it does, there is an ancient maxim, "res judicata facit ex albo nigrum, ex nigro album, ex curvo rectum, ex recto curvum."—when anything has been adjudicated, it makes white black, black white, curved straight and straight curved.

We, accordingly, believe the decision and judgment handed down by Judge Watkins were correct and we affirm this judgment.

Affirmed.

