Emma TILLIE, an infant, suing by her next friend, her mother, Eunice Davis Tillie, Plaintiff,

v.

GLENS FALLS INSURANCE COMPANY, Glens Falls, New York, a foreign corporation, Defendant.

No. CA/4005.

United States District Court
W. D. South Carolina,
Anderson Division.

Sept. 27, 1962.

922

H. C. Miller, Anderson, S. C., for plaintiff.

T. Frank Watkins, Watkins, Vandiver, Freeman & Kirven, Anderson, S. C., for defendant.

WYCHE, Chief Judge.

The above case is before me upon motion of the defendant "to enter Summary Judgment for the Defendant in accordance with the provisions of Rule 56(b, c) of the Rules of Civil Procedure, 28 U.S.C.A. on the ground that the pleadings, the Affidavit hereto attached, the copy of the Complaint in Civil Action No. 2733 in this Court and the records of the Court show that the Defendant is entitled to Judgment as a matter of law because the claims for relief in both causes of action are *res judicata*", and upon the further motion of the Defendant "to Dismiss the Complaint on the claim for relief denominated 'second causes of action' on the ground that the jurisdiction of this Court is invoked by diversity of citizenship and the amount in controversy and in suit is less than the jurisdictional amount requisite in such cases in this Court."

Public policy and the interest of litigants alike require that there be an end to litigation which, without the doctrine of res judicata, would be endless. The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate, the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. 30 Amer.Jur., 910–911.

In Aetna Casualty & Surety Co. v. Abbott, (C.A. 4) 130 F.2d 40 (1942), the Court said: "And as said by this court in National Bondholders Corp. v. Seaboard Citizens Nat. Bank, 4 Cir., 110 F.2d 138, 143: 'It is well settled that a fact or question which was actually and directly in issue in a former suit, and was there judicially determined by a court of competent jurisdiction, is conclusively settled by the judgment therein so far as concerns the parties to that action *and persons in privity with them,* and cannot be again litigated in any future action between the parties or *privies* in the same *or any other court* upon either the same *or a different cause of action.* [Citing authorities]' "

Plaintiff's counsel contends that the claim for relief, or cause of action, on the First Cause of Action in this case is not the same plead in Civil Action Number 2733 because that cause of action was based entirely on an alleged violation of plaintiff's civil rights guaranteed by the Constitution and Laws of the United States, and that in this action violation of the Federal civil rights is not pleaded and that the cause of action in this case has not been adjudicated by the trial in Civil Action Number 2733.

For purposes of *res judicata* the cause of action against Glens Falls Insurance Company would be considered the same in both of the actions in this court.

Summarizing the complaint in Civil Action Number 2733, it is alleged that the defendant William Joseph Erskine was Sheriff of Anderson County and the defendant Jack Gerrard was his lawful deputy; that Glens Falls Insurance

Company was a New York corporation qualified to become surety on official bonds of the Sheriff; that on the night of June 10, 1959, Deputy Gerrard, without process of law, by force of arms, invaded the home of the infant plaintiff and then and there terrified her, committed an unjustifiable assault and battery upon her and continuing his willful and wanton conduct by unlawful search and acting within the scope of his agency as Deputy Sheriff of Anderson County willfully and recklessly shot the plaintiff while lying on her bed, inflicting a serious wound, to her injury and damage in the sum of $10,000; and that the delicts thereinabove set out as committed by Jack Gerrard were "not only negligent, willful and wanton", but were done and committed by him as Deputy Sheriff under the Sheriff "under color of the State law of South Carolina, were a misuse of power and done purposely and with the intent of subjecting plaintiff, a citizen of the United States, to the deprivation of her civil rights and did thereby deprive plaintiff of her rights, privileges and immunities and the due process of the law" secured to her by the Constitution and Laws of the United States; that by law the Sheriff was responsible for the acts of his Deputy and was required to give a bond in the sum of $10,000 guaranteeing the faithful performance of his duties; that the Sheriff gave the statutory bond for $10,000 with Glens Falls Insurance Company as sole surety conditioned upon the faithful performance of the duties of his office; that by said bond the defendant insurance company became liable to plaintiff for $10,000 by reason of the wanton and willful acts done and committed against plaintiff by Jack Gerrard while acting as Deputy Sheriff and by reason of this breach of the bond the surety bond became liable to the plaintiff in the sum of $10,000 for which the surety company and the two personal defendants, jointly and severally, are liable to plaintiff for said sum.

The complaint in this action by its First Cause of Action alleges the relationship of the parties, the giving of the bond for $10,000 by the Sheriff with defendant as sole surety, and alleges the willful, wanton and unlawful acts of the Deputy Sheriff acting within the scope of his office as such under the Sheriff in the same words as such delicts are alleged in the complaint in Civil Action Number 2733, and alleges that by virtue of such breach of the bond defendant is liable to the plaintiff in the sum of $10,000; this cause of action also alleges the $5,000 bond with defendant as surety conditioned upon the faithful performance of his duty by Jack Gerrard as Deputy Sheriff, but liability on this bond is claimed in the Second Cause of Action which is not involved in the motion for summary judgment.

There is only one claim for relief against Glens Falls Insurance Company in this case and the First Cause of Action in Civil Action Number 2733. The only claim for relief against this surety company in both of these claims for relief, or causes of action, is the breach of the $10,000 official bond of Sheriff Erskine by the alleged wanton delicts of deputy Gerrard. They are based on the same bond, the same breach thereof by the said deputy, alleged in *totidem verbis*. The surety company did not violate plaintiff's Federal or State civil rights, and there was but one violation alleged. The allegation in Civil Action Number 2733 that the Deputy's action was done with intent to violate plaintiff's Federal rights and did violate the same is merely a postulate to the delineation of the alleged torts. A postulate is defined as "a position assumed without proof, or one that is considered self-evidence * * * a necessary assumption".

In Griggs v. Griggs, 214 S.C. 177, 51 S.E.2d 622, the Court quotes with approval the following essential tests in determining whether a second action is for the same cause of action as the first: " 'In the application of the doctrine of *res judicata,* if it is doubtful whether a second action is for the same cause of action as the first, the test generally ap-

plied is to consider the identity of facts essential to their maintenance, or whether the same evidence would sustain both. If the same facts or evidence would sustain both, the two actions are considered the same within the rule that the judgment in the former is a bar to the subsequent action. If, however, the two actions rest upon different states of facts, or if different proofs would be required to sustain the two actions a judgment in one is no bar to the maintenance of the other. It has been said that this method is the best and most accurate test as to whether a former judgment is a bar in subsequent proceedings between the same parties, and it has even been designated as infallible.' 30 Am.Jur., Sec. 174 at page 174."

These two actions rest upon the same "*states of facts*" and no different "*proofs*" would be required to sustain the two actions. The claim that the acts complained of did involve a violation of the Federal civil rights is but a postulate of the allegation that the Deputy committed the unlawful acts. No testimony was adduced or could be adduced as to his intent in so doing, and plaintiff's position was but a necessary assumption from the state of facts alleged in both causes of action. In Monroe v. Pape, 365 U.S. 167, 184, 81 S.Ct. 473, 482, 5 L.Ed.2d 492, the Court said: " 'Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken "under color of" state law." ' " And in the same case held that the words "willfully or purposely" in pleading that the acts constituted a violation of Federal civil rights were unnecessary because 42 U.S.C.A. § 1983 should be read against the background of tort liability which makes a man responsible for the natural consequences of his action.

In Parker v. United States (C.A. 4) 114 F.2d 330, 333 (1940), the Court quoted the following from an opinion of Mr. Justice Harlan in Southern Pacific Railroad Co. v. United States, 168 U.S. 1, 48, 49, 18 S.Ct. 18, 27, 28, 42 L.Ed. 355: " 'The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for, the aid of judicial tribunals would not be invoked for the vindication of rights of person and property if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue, and actually determined by them.' "

It is, therefore, my opinion that no further or other evidence being admissible or producible to prove Civil Action Number 2733 than is present in this action so far as the cause of action against Glens Falls Insurance Company is concerned judgment in the first case constitutes *res judicata* as to the cause of action in the second.

The Second Cause of Action in this case is for breach of a bond for $5,000 and rests only on diversity of citizenship. Having reached the conclusion that the First Cause of Action is *res judicata*, the Second Cause of Action must be dismissed under the motion for lack of jurisdictional amount involved.

For the foregoing reasons, IT IS ORDERED, That the motion of the defendant for summary judgment in its favor on plaintiff's First Cause of Action be and the same is hereby granted.

IT IS FURTHER ORDERED, That the motion of the defendant to dismiss plaintiff's Second Cause of Action be and the same is hereby granted, without prejudice.