## BALDWIN *v.* IOWA STATE TRAVELING MEN'S ASSOCIATION.

No. 445.   Argued April 22, 1931.—Decided May 18, 1931.

*Mr. Denton Dunn,* with whom *Messrs. C. W. Prince, James N. Beery,* and *F. W. Lehmann, Jr.,* were on the brief, for petitioner.

*Mr. J. M. Parsons,* with whom *Mr. Earl C. Mills* was on the brief, for respondent.

Mr. Justice Roberts delivered the opinion of the Court.

A writ of certiorari was granted herein [1] to review the affirmance by the Circuit Court of Appeals [2] of a judgment for respondent rendered by the District Court for Southern Iowa. The action was upon the record of a judgment rendered in favor of the petitioner against the respondent in the United States District Court for Western Missouri.

The defense was lack of jurisdiction of the person of the respondent in the court which entered the judgment. After hearing, in which a jury was waived, this defense was sustained and the action dismissed. The first suit was begun in a Missouri state court and removed to the District Court. Respondent appeared specially and moved to quash and dismiss for want of service. The court quashed the service, but refused to dismiss. An alias summons was issued and returned served, whereupon it again appeared specially, moved to set aside the service, quash the return, and dismiss the case for want of jurisdiction of its person. After a hearing on affidavits and

---

[1] 282 U. S. 827.          [2] 40 F. (2d) 357.

briefs, the motion was overruled, with leave to plead within thirty days. No plea having been filed within that period, the cause proceeded and judgment was entered for the amount claimed. Respondent did not move to set aside the judgment nor sue out a writ of error.

The ground of the motion made in the first suit is the same as that relied on as a defense to this one, namely, that the respondent is an Iowa corporation, that it never was present in Missouri, and that the person served with process in the latter State was not such an agent that service on him constituted a service on the corporation. The petitioner objected to proof of these matters, asserting that the defense constituted a collateral attack and a retrial of an issue settled in the first suit. The overruling of this objection and the resulting judgment for respondent are assigned as error.

The petitioner suggests that Article IV, Section 1 of the Constitution forbade the retrial of the question determined on respondent's motion in the Missouri District Court; but the full faith and credit required by that clause is not involved, since neither of the courts concerned was a state court. (Compare *Cooper* v. *Newell,* 173 U. S. 555, 567; *Supreme Lodge Knights of Pythias* v. *Meyer,* 265 U. S. 30, 33). The respondent, on the other hand, insists that to deprive it of the defense which it made in the court below, of lack of jurisdiction over it by the Missouri District Court, would be to deny the due process guaranteed by the Fourteenth Amendment; but there is involved in that doctrine no right to litigate the same question twice (*Chicago Life Ins. Co.* v. *Cherry,* 244 U. S. 25; compare *York* v. *Texas,* 137 U. S. 15).

The substantial matter for determination is whether the judgment amounts to *res judicata* on the question of the jurisdiction of the court which rendered it over the person of the respondent. It is of no moment that the

appearance was a special one expressly saving any submission to such jurisdiction. That fact would be important upon appeal from the judgment, and would save the question of the propriety of the court's decision on the matter even though after the motion had been overruled the respondent had proceeded, subject to a reserved objection and exception, to a trial on the merits. *Harkness* v. *Hyde,* 98 U. S. 476; *Goldey* v. *Morning News,* 156 U. S. 518; *Toledo Rys. & Lt. Co.* v. *Hill,* 244 U. S. 49; *Hitchman Coal & Coke Co.* v. *Mitchell,* 245 U. S. 229; *Morris & Co.* v. *Skandinavia Ins. Co.,* 279 U. S. 405. The special appearance gives point to the fact that the respondent entered the Missouri court for the very purpose of litigating the question of jurisdiction over its person. It had the election not to appear at all. If, in the absence of appearance, the court had proceeded to judgment and the present suit had been brought thereon, respondent could have raised and tried out the issue in the present action, because it would never have had its day in court with respect to jurisdiction. *Thompson* v. *Whitman,* 18 Wall. 457; *Pennoyer* v. *Neff,* 95 U. S. 714; *Hart* v. *Sansom,* 110 U. S. 151; *Wetmore* v. *Karrick,* 205 U. S. 141; *Bigelow* v. *Old Dominion Copper Co.,* 225 U. S. 111; *McDonald* v. *Mabee,* 243 U. S. 90. It had also the right to appeal from the decision of the Missouri District Court, as is shown by *Harkness* v. *Hyde, supra,* and the other authorities cited. It elected to follow neither of those courses, but, after having been defeated upon full hearing in its contention as to jurisdiction, it took no further steps, and the judgment in question resulted.

Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties. We see no reason why this doctrine should not apply in every

case where one voluntarily appears, presents his case and is fully heard, and why he should not, in the absence of fraud, be thereafter concluded by the judgment of the tribunal to which he has submitted his cause.

While this Court has never been called upon to determine the specific question here raised, several federal courts have held the judgment *res judicata* in like circumstances. *Phelps* v. *Mutual Life Assn.,* 112 Fed. 453; affirmed on other grounds, 190 U. S. 147; *Moch* v. *Insurance Co.,* 10 Fed. 696; *Thomas* v. *Virden,* 160 Fed. 418; *Chinn* v. *Foster-Milburn Co.,* 195 Fed. 158. And we are in accord with this view.

Respondent relies upon *National Exchange Bank* v. *Wiley,* 195 U. S. 257, but it is not in point; for there it was shown, not that the defendant in the judgment of the Ohio state court on which suit was brought had appeared and contested jurisdiction, but that an attorney without right or authority had assumed to appear and confess judgment on its behalf.

*Bank of Jasper* v. *First National Bank,* 258 U. S. 112, cited by respondent, involved a wholly different question from that here presented. There a suit in equity was brought in a state court against both resident and nonresident defendants. Pursuant to state law constructive service upon the nonresidents was made by publication. One of them, a Georgia bank, appeared specially and moved to quash the service. Its motion was overruled, and on appeal the supreme court of the State affirmed, holding that the purpose of the statute authorizing constructive service by publication was merely to notify nonresidents of the pending suit so that they might, if they cared to do so, come into the case. It held that there was no right to quash the notice, but that the nonresident had its full right to object should the court thereafter commit an error against it. This Court held that the special appearance for the purpose of quashing the notice

of service did not amount to a general appearance. Subsequent proceedings in the state court, therefore, were taken without the presence of the bank and were not binding upon it unless the *res* to be affected was in Florida and subject to the control of the state court. That point was not litigated by the bank—it was not present. This Court held there was not such *res* subject to the power of the state court, and therefore its judgment was not binding upon those who were not actual parties.

The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed.*