W. B. KELLOGG & Co., INC., Plaintiff, *v.* WILLIAM M. BARRETT, as President of the ADAMS EXPRESS COMPANY, an Unincorporated Association Consisting of Seven (7) or More Persons, Defendant.

Municipal Court of New York, Borough of Manhattan, Fifth District, June 18, 1931.

*Monroe C. Alesker*, for the plaintiff.

*Scudder, McCoun, Stockton & Kerfoot*, for the defendant.

DAVID C. LEWIS, J.   On April 22, 1919, the sheriff of Carter county, Ky., served process in an action brought by the plaintiff against the Adams Express Company by delivering a copy of the summons to one S. B. Gray, " he being the agent of the Adams Express Company.   He being nearest agent to Grayson, Kentucky, and no superior officer or agent of Adams Express Company found in Carter County."

No answer or appearance was interposed by the defendant in the Kentucky action, and thereupon a judgment by default was entered therein against it.

Upon that judgment this action in our jurisdiction is now instituted.

The present action must stand or fall, dependent upon whether or not the Kentucky court duly acquired jurisdiction of this defendant by the said service upon Gray.

It is a matter of judicial history that on June 30, 1918, the express company " terminated its business as an express company, and

transferred to the American Railway Express Company the property then belonging to it. * * * It did this in obedience to an order of the Director General of Railroads, who acted in accordance with the proclamation of the President of the United States. The order was made in furtherance of the prosecution of the war. The new corporation took over the property not only of the Adams Express Company, but also of the other express companies operating in the United States, and assumed their liabilities." (*Guerin Mills* v. *Barrett*, 254 N. Y. 380.) (See, also, *American Railway Express Co.* v. *Kentucky*, 273 U. S. 269.)

The proof upon the trial before me indicated that since 1918 the defendant has had no agents or employees in the State of Kentucky; has not been engaged in the transaction of any business in the State of Kentucky; and that on April 22, 1919, when service of the summons was effected on S. B. Gray, as an alleged agent of the defendant, he was not in the employ or pay of the defendant nor performing or transacting any business on its behalf.

This proof, I take it, overcomes the presumption of jurisdiction that the foreign judgment carries with it. For this presumption is not conclusive — it only puts the burden on the defendant to establish to the contrariwise. (*Smith* v. *Central Trust Co.*, 154 N. Y. 333.)

And unless the evidence sustains the actual agency of Gray, service upon him cannot be treated as service upon the defendant and this action cannot be maintained.

The United States Supreme Court has in a recent decision dispelled whatever remnant of doubt there remained as to the right of a defendant sued in one State upon a judgment rendered against it in a foreign State to attack such judgment on the ground that the process in the original suit was never served upon the defendant and hence that the court of origin lacked jurisdiction. (*Baldwin* v. *Iowa State Traveling Men's Assn.*, 283 U. S. 522.)

" If, in the absence of appearance, the court had proceeded to judgment, and the present suit had been brought thereon, respondent could have raised and tried out the issue in the present action, because it would never have had its day in court with respect to jurisdiction. (*Thompson* v. *Whitman*, 18 Wall. [85 U. S.] 457; *Pennoyer* v. *Neff*, 95 U. S. 714; *Hart* v. *Sansom*, 110 U. S. 151; *Wetmore* v. *Karrick*, 205 U. S. 141; *Bigelow* v. *Old Dominion Copper Co.*, 225 U. S. 111; *McDonald* v. *Mabee*, 243 U. S. 90.) " (*Baldwin* v. *Iowa State Traveling Men's Assn.*, *supra*.)

Manifestly, therefore, notwithstanding the ruling of our court in *Nankivel* v. *Omsk All Russian Government* (203 App. Div. 740), and the cases referred to as precedents by the plaintiff, it is apparent

that the Kentucky judgment was not a judgment procured with due process of law.

The defendant is entitled to its day in court and cannot be bound by the judgment of a court of a foreign State in an action in which jurisdiction was not acquired either by the due service of process, or the appearance of the defendant.

Judgment for the defendant. Ten days' stay.