## TULLY v. PRUDENTIAL INS. CO. OF AMERICA.

### No. 3.

District Court, W. D. Wisconsin.
July 12, 1940.

Lawrence J. Brody, of La Crosse, Wis., for plaintiff.

Hubert V. Fuller, of La Crosse, Wis., for defendant.

STONE, District Judge.

The plaintiff has moved for a summary judgment against the defendant for the sum alleged to be due pursuant to the terms of the insurance policy issued by the defendant to her husband, Thomas J. Tully, deceased. It appears that Thomas J. Tully died at La Crosse, Wisconsin, on November 4, 1938, as the result of a gun shot wound. At the time of his death, two policies of insurance issued to him—one for the face amount of $2,500 and the other for $5,000—

were in force. Except for the amounts payable to the beneficiary, the wording of both policies is identical, and each contains a double indemnity provision in the event of the accidental death of the insured.

. The defendant admits the insured died on November 4, 1938, and that both policies were in force. It has paid to the beneficiary, the plaintiff in this action, the ordinary life benefit under each policy, but has refused to acknowledge any liability under the double indemnity provision of the policies. Each policy provides for payment to the beneficiary of the amount due, with interest, in monthly instalments over a period of ten years.

■ An action upon the $2,500 policy was tried in the Circuit Court of La Crosse County, Wisconsin, at the October 1939 term. The plaintiff and defendant in that action are the plaintiff and defendant in the action before this Court. The defendant's answer denied that plaintiff furnished notice and proof of death and also denied that the deceased's death was caused by accidental means. The material issues of fact raised by the pleadings in this action before this Court were tried to a jury in the state court action and the issues were determined in favor of the plaintiff and against the defendant. The Supreme Court of Wisconsin, on May 6, 1940, affirmed the judgment of the Circuit Court, 291 N.W. 804.

The question for determination is whether the judgment in the state court amounts to res judicata on the material issues raised by the pleadings in the case now before this Court. The Court is of the opinion that the rule of res judicata does apply, and the plaintiff's motion for summary judgment will be granted, with costs.

■ The United States Supreme Court has passed on questions analogous to those raised on this motion. "Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." Baldwin v. Traveling Men's Association, 283 U.S. 522, at page 525, 51 S. Ct. 517, at page 518, 75 L.Ed. 1244. "One trial of an issue is enough. 'The principles of res judicata apply to questions of jurisdiction as well as to other issues,' as well to jurisdiction of the subject matter as of the parties." Treinies v. Sunshine Min-

ing Co., et al., 308 U.S. 66, at page 78, 60 S.Ct. 44, at page 51, 84 L.Ed. 85.

The rule of res judicata applies in a second action between the same parties upon a different claim or demand. Cromwell v. Sac County, 94 U.S. 351, 24 L.Ed. 195.

Counsel for plaintiff may submit order for judgment.