Scott McKay, Respondent, v. James A. Stillman, Appellant.— In an action to recover a sum of money, founded upon a judgment of a Texas court in favor of the plaintiff and against the defendant, defendant appeals from an order granting plaintiff's motion for summary judgment and denying defendant's cross motion for summary judgment, and from the judgment in favor of the plaintiff and against the defendant which was entered in accordance with the order. Order modified by striking out the first ordering paragraph and by substituting in lieu thereof the following: " Ordered that said motion of the plaintiff for summary judgment be and the same is hereby in all respects denied, and it is further ". The order, as so modified, is affirmed, with $10 costs and disbursements to appellant. The judgment entered June 20, 1950, on the aforesaid order is vacated. Process in the Texas action was served upon the defendant in New York, and it has been conceded that that was insufficient to give the Texas court jurisdiction over the defendant. It appears that, under Texas law, any appearance by the defendant in the Texas action for the purpose of contesting the jurisdiction of the court would itself have constituted a general appearance and submission to that court's jurisdiction. (See .*York* v. *State,* 73 Tex. 651, affd. *sub nom.* *York* v. *Texas,* 137 U. S. 15.) A Texas attorney appeared before the court in the Texas action, styling himself as *amicus curiæ* and advised the court that it did not have jurisdiction over the defendant, and gave testimony there with respect to such jurisdiction and with respect to the nature of his appearance, particularly that it was not as attorney for the defendant. Nevertheless, the Texas court adjudged that this appearance constituted a general appearance by the defendant, and proceeded with the action to the entry of judgment against the defendant, without participation by the attorney as to the merits of the action. In the present action, defendant may assail the Texas judgment by proof that he was not properly served and did not appear in the action; that the appearance of the Texas attor-

ney was as *amicus curiæ* and not as attorney for the defendant; and that, in any event, the appearance was unauthorized. (*Vilas* v. *Plattsburgh & Montreal R. R. Co.*, 123 N. Y. 440, 455; *Woodward* v. *Mutual Reserve Life Ins. Co.*, 178 N. Y. 485, 488.) The affidavits of the defendant and the Texas attorney who appeared as *amicus curiæ* in the Texas action, which affidavits were submitted by the defendant on these motions for summary judgment, sufficiently establish that there is a question of fact as to whether the appearance by the Texas attorney as *amicus curiæ* was, in fact, an appearance for the defendant. The determination by the Texas court is not *res judicata.* It was not a determination of a litigated issue as to which it may be said that the defendant was indisputably before the court. (See *Baldwin* v. *Iowa State Traveling Men's Assn.*, 283 U. S. 522 and *American Surety Co.* v. *Baldwin*, 287 U. S. 156.) Nolan, P. J., Carswell, Johnston, Wenzel and MacCrate, JJ., concur.