SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

UNITED FINANCIAL GROUP, INC., et al., Defendants.

R. J. WOLF, Claimant-Appellant,

v.

William E. TASSOCK, Receiver, et al., Defendants-Appellees.

No. 76–3441.

United States Court of Appeals, Ninth Circuit.

April 10, 1978.

Rehearing and Rehearing En Banc Denied June 9, 1978.

R. J. Wolf (argued), San Rafael, Cal., for claimant-appellant.

William B. Crow (argued), of Miller, Anderson, Nash, Yerke, & Wiener, Portland, Or., for defendants-appellees.

Before BROWNING and HUG, Circuit Judges, and SCHWARZER,* District Judge.

SCHWARZER, District Judge:

This is an appeal from an order and judgment of the district court denying appellant Wolf's claim for attorney's fees. Appellee Tassock is the receiver, appointed by the court below, of a group of companies which will be referred to as the United Financial Group ("UFG").[1]

In 1972, shortly after commencement of the receivership, a group of investors filed a class action against UFG and its former officers in the California Superior Court in Marin County, entitled *Wenzoski, et al. v. Pollock, et al.*, (California Superior Court, Civil No. 62826). Wolf was retained by UFG's former chief executive officer as counsel for defendants. Tassock objected to Wolf's acting as attorney for defendants; subsequently he declined their tender of the defense of the action. At the start of the trial in February 1973, Wolf sought to withdraw as defense counsel but, upon objection by plaintiffs, was denied leave to do so by the California court.

Efforts by Tassock and the Securities and Exchange Commission to enjoin prosecution of *Wenzoski* did not succeed. The district court eventually issued orders permitting the action to proceed on the condition that any judgment in that action not interfere with the receivership or result in any preference for the claims asserted under it.

In August 1973, the California court rendered judgment in favor of the *Wenzoski* class plaintiffs including an award of attorney's fees to Wolf in the amount of $52,000. The receivership court subsequently disallowed the claim of the class based on that judgment but permitted the defrauded investors to file individual claims.

Wolf had previously instituted an action against Tassock in the California court to collect fees for services rendered to the UFG defendants, styled *Wolf v. Tassock* (California Superior Court, Civil No. 64047). Tassock, in his capacity as receiver, appeared in and defended that action. He filed a petition to remove the action to the United States District Court for the Northern District of California, asserting that jurisdiction over an action against a federal receiver resided in the federal court and, further, that in the absence of leave granted by the receivership court, the action could not be maintained. The district court, however, remanded the action to the superior court.

Thereafter Wolf moved for summary judgment in the amount of $52,000 on the basis of the award made to him in the *Wenzoski* judgment. Judgment in that sum was granted and Tassock appealed. The California Court of Appeal affirmed, holding that (1) Tassock, as a person in privity with the UFG defendants, was bound by the *Wenzoski* judgment,[2] and (2) leave to sue the receiver was not required because the action could be maintained under 28 U.S.C. § 959(a) as one respecting acts or transactions of receivers in carrying on

---

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

1. The order of the district court appointing Tassock as receiver was affirmed by this court in *SEC v. United Financial Groups, Inc.*, 474 F.2d 354 (9th Cir. 1973). With the district court's consent, Tassock subsequently was also appointed receiver by the California court to marshall residuary assets not reached by the federal receivership. Tassock at one time contended that appellant Wolf's judgment against him, having been rendered by the California court, reached only assets subject to the California receivership. *Cf., Reynolds v. Stockton*, 140 U.S. 254, 11 S.Ct. 773, 35 L.Ed. 464 (1891).

The court below rejected this contention and it has not been pressed in this Court.

2. The *Wenzoski* judgment provided in part:
"Attorney Wolf was refused permission to withdraw from the defense of the case by this Court in order to insure that the defendants were not deprived of due process of law in these proceedings; said case was defended effectively, in good faith but unsuccessfully by said Attorney Wolf; that considering the magnitude of the proceedings, need for preparation, time for trial and post-trial proceedings and the facts set forth above, it would be inequitable not to provide reasonable compensation to said attorney for defendants."

business connected with the receivership property.[3]

Wolf then submitted his claim for attorney's fees, based on the judgment in *Wolf v. Tassock,* to the district court which had previously awarded fees to several attorneys who had participated in actions against the UFG defendants. Tassock moved for summary judgment denying Wolf's claim and on October 21, 1976, the district court entered its order granting Tassock's motion. The instant appeal is taken from the judgment entered on that order.

In granting summary judgment for Tassock, the district court held, first, that the *Wolf* judgment was not entitled to full faith and credit because Wolf had not obtained the requisite leave to maintain an action against a federal receiver. As an alternate ground, the court interpreted the California judgment as limiting Wolf to payment of fees out of funds paid to the *Wenzoski* class. Inasmuch as the district court had disallowed the claim of the class, it found Wolf not to be entitled to payment on his judgment. For the reasons stated, we reverse the judgment and remand.

## I.

■ This appeal requires us to reconcile the exclusive control of the debtor's estate vested in the receivership court with that court's obligation to accord full faith and credit to the final judgments of other courts.[4] When the receivership court takes jurisdiction of the debtor's estate, it has power to issue orders barring actions which would interfere with its administration of that estate. *See, Diners Club, Inc. v. Bumb,* 421 F.2d 396 (9th Cir. 1970), and cases cited. Such actions may then be maintained only with leave of the receivership court, unless they fall within 28 U.S.C. § 959(a). That statute subjects receivers without prior leave of court to actions on claims arising out of acts or transactions in carrying on the business connected with the receivership property.[5]

On the basis of these considerations, the court below determined that the *Wolf* judgment was not entitled to full faith and credit on the ground that it was "jurisdictionally defective," Wolf not having obtained leave to sue the receiver and not being entitled to claim the benefit of the statutory exception.[6]

■ We agree with the district court's finding that Section 959(a) did not apply to the *Wolf* action and that leave to sue the receiver was required.[7] We conclude, however, that this issue—whether leave to sue

---

**3.** 28 U.S.C. § 959(a) provides:

"(a) Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury."

**4.** Article IV, § 1, of the United States Constitution requires each state to give full faith and credit to the judicial proceedings of every other state. Federal courts are bound under 28 U.S.C. § 1738 to give the same full faith and credit to judicial proceedings as they have in the courts of the state from which they are taken.

**5.** See note 2, above.

**6.** The court below declined, however, to rest its denial of Wolf's claim entirely on this "jurisdic-

tional defect" for the reason that the receiver's appearance in the California court to defend the Wolf action might be interpreted as reflecting implied consent by the receivership court to the action against him. In *Washington-Alaska Bank v. Dexter Horton Nat. Bank,* 263 F. 304, 309–10 (9th Cir. 1920), cited by the court in this connection, the receiver had appeared in the state court without raising the defense that leave to sue had not been obtained. Whether implied consent by the receivership court can also be found in an action where as here the receiver appears and raises the absence of such consent as a defense, albeit unsuccessfully, is a question we need not decide. *See, also, Ridge v. Manker,* 132 F. 599, 602 (8th Cir. 1904).

**7.** The court below held, and we agree, that Wolf's action against Tassock was not brought with respect to any acts or transactions by the latter in carrying on business connected with receivership property. *See, Ex Parte Baldwin,* 291 U.S. 610, 618, 54 S.Ct. 551, 78 L.Ed. 1020 (1934); *Austrian v. Williams,* 216 F.2d 278, 28£

was required—was litigated in the California court, that court's determination is res judicata, and its judgment is entitled to full faith and credit in the receivership court.

■ Our analysis begins with the proposition that the California courts were obligated to give full faith and credit to the receivership court's blanket orders barring interference with the administration of the receivership estate advanced by Tassock in defense of the *Wolf* action.[8] When a dispute arose, however, over whether Section 959(a) permitted the action to be maintained without leave of the receivership court, the California courts, having personal jurisdiction of the parties, were obliged to adjudicate that issue. The receiver litigated the issue in the trial court, appealed the adverse ruling, but was unsuccessful. Having litigated it fully and fairly, the receiver is bound by the resulting judgment. *Treinies v. Sunshine Mining Co.,* 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939); *Morris v. Jones,* 329 U.S. 545, 67 S.Ct. 451, 91 L.Ed. 488 (1946). As the Supreme Court wrote in *Baldwin v. Traveling Men's Assoc.,* 283 U.S. 522, 525–26, 51 S.Ct. 517, 518, 75 L.Ed. 1244 (1930):

> "Public policy dictates that there be an end of litigation; . . . We see no reason why this doctrine should not apply in every case where one voluntarily appears, presents his case and is fully heard, and why he should not, in the absence of fraud, be thereafter concluded by the judgment of the tribunal to which he has submitted his cause."

(2nd Cir. 1954), *cert. denied,* 348 U.S. 953, 75 S.Ct. 441, 99 L.Ed. 744 (1955).

**8.** The receivership court has broad equitable powers to prevent interference with the administration of the estate by blanket stay orders as well as injunctions against particular actions, including actions which might otherwise be permissible under Section 959(a). *See, Diners Club, Inc. v. Bumb,* 421 F.2d 396 (9th Cir. 1970). In this case, of course, no such specific injunction was issued.

**9.** The court below relied on *Barton v. Barbour,* 104 U.S. 126, 26 L.Ed. 672 (1881), in which the Supreme Court held that another court lacked jurisdiction to entertain an action against the

■ The court below declined to give the *Wolf* judgment full faith and credit on the ground that the California court lacked jurisdiction in the absence of leave of the receivership court to maintain the action.[9] Assuming for purposes of this discussion that leave had not been given, we do not consider this to be a defect of jurisdictional dimensions.[10] Inasmuch as the requirement of consent to sue derives from principles of equity and comity and is subject to waiver, it is not to be treated as an issue of subject matter jurisdiction. Even if it were, however, once the issue had been fully and fairly litigated in the California court, the receivership court was bound by that court's adjudication, whether correct or not, and was obliged to accord full faith and credit to its resulting judgment. *Durfee v. Duke,* 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963).

## II.

Having concluded that Wolf's judgment against the receiver is entitled to full faith and credit, we must next examine its terms to determine whether it entitles Wolf to payment out of the receivership estate.

In relevant part, the *Wolf* judgment provides:

> "Between February 25, 1972 and August 22, 1973 plaintiff [Wolf] duly performed no less than 1040 hours of legal services for and on behalf of the United Financial Group, Inc., and its affiliate and subsidiary organizations the reasonable value of which is $52,000, which sum the plaintiff is entitled as a matter of law to recover

receiver in the face of the appointing court's injunction against such actions. But in *Barton,* the Court considered only the effect of such an injunction when raised by the receiver as a defense to an action in another court; as we have said above, that such an injunction is entitled to full faith and credit is beyond dispute. *Barton* did not deal with the issue before this court which concerns the effect to be given the other court's judgment rejecting the defense raised by the receiver.

**10.** *See, Diners Club, Inc. v. Bumb,* above, 421 F.2d at 399, n. 1.

from the defendant herein, William E. Tassock, in his capacity as Receiver for the United Financial Group, Inc., its affiliates and subsidiaries, under COUNTS I and II of the Amended Complaint . . the payment of said sum is to be a lien upon and shall be made solely from moneys distributable to the class of plaintiffs described in paragraph 1 of the JUDGMENT AFTER TRIAL BY COURT rendered in the matter of *Wenzoski, et al. v. Pollock, et al.,* No. 62826, on a pro rata basis of 10% of the moneys distributable to such persons."

The district court interpreted the *Wolf* judgment as being "inextricably linked to and dependent upon the *Wenzoski* judgment." Inasmuch as "no moneys have been or will be distributed to the *Wenzoski* class from the federal receivership estate," the court reasoned, the terms of the *Wolf* judgment require that the claim be denied.

■ The interpretation of the judgment is a question of law respecting which this Court is not bound by the lower court's determination. *United States v. Singer,* 374 U.S. 174, 83 S.Ct. 1773, 10 L.Ed.2d 823 (1963); *United States v. Mississippi Valley Generating Co.,* 364 U.S. 520, 81 S.Ct. 294, 5 L.Ed.2d 268 (1961). Even if the question were treated as one of fact, we conclude that the district court's interpretation must be set aside as clearly erroneous. Rule 52(a), F.R.Civ.P.

■ While the *Wolf* judgment limits Wolf to recovery out of "moneys distributable to the class of plaintiffs described in . . . the [*Wenzoski*] judgment," it does not limit him to recovery out of a lump sum or fund paid in satisfaction of that judgment. Had the California court intended that result, it could readily have said so. Instead, it used broader language encompassing any moneys distributable to the class of plaintiffs described in the judgment, which could take the form of separate payments made on an individual basis. That choice of words must be considered to be deliberate inasmuch as the court knew that any distributions would come out of the receivership estate and hence would be made in the manner determined by the receivership court.[11]

Although the court below disallowed the claim of the *Wenzoski* plaintiff class as such, it has permitted defrauded investors to file individual claims based on the *Wenzoski* judgment.[12] Hence any recovery by individual investors who were members of the *Wenzoski* class will still be attributable to the judgment rendered in the *Wenzoski* action, and it is the services rendered by Wolf in that action which are the basis for the judgment awarding him fees. That payments will be made separately to individual class members rather than in a lump sum for subsequent distribution to those individuals does not strike us as a distinction which would warrant depriving Wolf of the benefit of his judgment. Under either method of payment, the members of the *Wenzoski* class reap the benefit of Wolf's services in that action; his right to recover ought not turn on whether the claimants are paid out of a fund or individually.

### III.

■ The final question is whether Wolf's claim is entitled to preference as an administrative expense. Ordinarily, an in personam judgment against a receiver on account of obligations incurred in the course of administration of receivership assets would be treated as an administrative expense, entitled to priority over claims of general credi-

11. The California trial judge, in a declaration of judicial intent filed in the court below, stated that he used the form of judgment in *Wolf* knowing that any moneys recovered by the *Wenzoski* plaintiffs would be distributed by the receivership court.

12. The district court on September 25, 1973, adopted a Notice of Claims Procedure and Related Matters providing that defrauded investors who were members of the *Wenzoski* class will share in the benefits of the *Wenzoski* judgment by merely submitting an individual proof of loss.

tors.[13] The *Wolf* judgment, however, by its terms limits Wolf to payment out of moneys distributed to claimants under the *Wenzoski* judgment who are general creditors. While the California court's judgment cannot control the manner or timing of distributions by the receivership court, *Riehle v. Margolies,* 279 U.S. 218, 49 S.Ct. 310, 73 L.Ed. 669 (1929), there is no reason for imposing on the receivership an obligation greater than that imposed by the judgment. That obligation is limited to paying Wolf's fees out of moneys distributed to defrauded investors claiming under the *Wenzoski* judgment. We leave it to the district court on remand to fashion appropriate procedures for payment of Wolf's claim.

The judgment is reversed and the cause remanded for proceedings consistent with this opinion.

---

**13.** *See, Reading Co. v. Brown,* 391 U.S. 471, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1967), where the Supreme Court held that damages resulting from negligence of the receiver are an administrative expense entitled to priority payment on the theory that the receivership was imposed for the benefit of the general creditors who should not be permitted to benefit at the expense of innocent parties. *Cf. Diners Club, Inc. v. Bumb,* above, (contract claim if prosecuted to judgment would constitute an administrative expense). In this respect, the California Court of Appeal held that the receiver was bound by the *Wenzoski* judgment which determined that Wolf's services in connection with the defense of that action benefited the receivership. That determination is res judicata and would support treatment of Wolf's claim as an administrative expense were it not for the limiting language in the *Wolf* judgment.