Perry L. PICKERT and Sara M. Pickert, Plaintiffs,

v.

CAMBRIDGE SAVINGS BANK, Defendant.

Civ. A. No. 85–1608.

United States District Court, District of Columbia.

Sept. 17, 1985.

Edward N. Reiner, Alexandria, Va., for plaintiffs.

Richard J. Leidl, Reid & Priest, Washington, D.C., for defendant.

## ORDER OF DISMISSAL

BARRINGTON D. PARKER, District Judge.

This matter is before the Court on a motion to dismiss on the grounds that this Court lacks personal jurisdiction over the defendant, Cambridge Savings Bank ("Cambridge"), Fed.R.Civ.P. 12(b)(2), or that in the interest of justice the matter should be transferred to a District Court in Massachusetts. Fed.R.Civ.P. 12(b)(3). Defendant also raises questions of *res judicata* and collateral estoppel. After consideration of the motion, the opposition, and a District of Columbia Superior Court ruling in an action involving these same parties and the same facts, the Court concludes that defendant's motion should be granted.

It is quite clear that the property which is the subject of this action is the same as was involved in a District of Columbia Superior Court proceeding, Civil Action No. 5490–83. That action was resolved against the plaintiffs on April 22, 1985 on grounds that "[the Superior Court] lack[ed] jurisdiction over [Cambridge], D.C.R.P.Civ.Rule 12(b)(2), and that in the interest of substantial justice, the action should be heard in a forum in Massachusetts, D.C.Code (1981) § 13–425." *Pickert v. Cambridge Savings Bank,* No. 5490–83 (D.C.Super.Ct., April 22, 1985) (Hamilton, J.; Findings of Fact, Conclusions of Law and Order).

The Pickerts did not appeal that ruling and, thus, it is a final judgment. Subsequently, they filed this cause seeking the same relief as in the Superior Court proceeding, but adding additional counts claiming violations of unspecified federal and local consumer fraud laws.[1] The pleadings also show that a law suit involving the same parties and arising out of the same factual dispute is pending in a Massachusetts court.

Defendant claims that plaintiffs are barred and estopped from bringing the present action by application of the principles of *res judicata,* and collateral estoppel. The plaintiffs, however, claim that since their Superior Court proceeding was dismissed for want of jurisdiction, it does not bar a subsequent suit since the merits of their claim were never considered.

Under the doctrine of *res judicata,* both parties are concluded from relitigating matters which were determined or might have been determined arising from the same cause of action. *See, Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 326, 75 S.Ct. 865, 867–68, 99 L.Ed. 1122 (1955); *Tutt v. Doby,* 459 F.2d 1195 (D.C.Cir.1972). It is well settled that the principles of *res judicata* apply to jurisdictional as well as other issues. *Baldwin v. Iowa State Traveling Men's Ass'n,* 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931), stands for the proposition that the court of

---

1. The plaintiffs also mention some unspecified  local mail law.

288

one state must give full faith and credit to the judgment of a court of another state, despite the claim that the court rendering judgment lacked personal jurisdiction over the defendant when it is determined that the question of jurisdiction was fully litigated before that court. "Public policy dictates that there be an end to litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled between the parties." *Id.* at 525, 51 S.Ct. at 517–18. *See also, American Surety Co. v. Baldwin,* 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231 (1932); *Durfee v. Duke,* 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1966). The *res judicata* principle also applies to a finding that personal jurisdiction over the defendant did not exist. *Eaton v. Weaver Mfg. Co.,* 582 F.2d 1250, 1255–57 (10th Cir.1978).

■ The question of whether this or any District of Columbia court may secure jurisdiction over the defendant in this proceeding has been fully litigated. The Superior Court ruling of Judge Hamilton has a *res judicata* effect and these plaintiffs are precluded from presenting a claim in this Court. Any new claims do not alter this. Plaintiffs would still be collaterally estopped from bringing their action in the District of Columbia. Collateral estoppel, as distinguished from *res judicata,* bars the parties from relitigating issues of ultimate fact in any future law suit once they have been determined by a valid and final judgment. *See Swenson v. Ashe,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970).

The doctrine of *forum non conveniens* also is involved in this decision. According to the Superior Court ruling, this case should be heard in Massachusetts, in the interest of justice. This Court agrees. The plaintiffs are not denied an avenue of relief, since an action is now pending in that jurisdiction. The plaintiffs can assert any claims by way of a counterclaim.

In accord with the above, it is this 17th day of September, 1985,

**ORDERED**

That defendant's motion to dismiss is granted and this case is dismissed with prejudice.