In re Scott Ray **SPRAY** and Deborah Lynn Spray, **Debtors.**

Rita **ENGH**, Plaintiff,

v.

Scott Ray **SPRAY** and Deborah Lynn Spray, **Defendant.**

Bankruptcy No. L–90–00953W.
Adv. No. L–91–0034W.

United States Bankruptcy Court, N.D. Iowa.

Aug. 30, 1991.

Randall A. Nazette, Nazette, Hendrickson, Marner & Good, Cedar Rapids, Iowa, for plaintiff.

Stanford J. Patterson, Patterson Law Firm, Waterloo, Iowa, for defendants.

## RULING RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

MICHAEL J. MELLOY, Chief Judge.

The matter before this Court is the plaintiff's motion for summary judgment on its dischargeability complaint under 11 U.S.C. § 523(a)(6).[1] As a basis for summary judgment, the plaintiff asserts that a state court judgment which the plaintiff obtained against the defendant has already decided all of the factual and legal issues necessary for holding a debt nondischargeable under § 523(a)(6). The defendant has filed no formal resistance to this motion for summary judgment. The defendant only makes the equitable argument that issue preclusion and, therefore, summary judgment, should not apply here because this Court would not reach the same conclusion on the facts as the jury in the state court proceeding reached. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). The following opinion granting the plaintiff's motion for summary judgment constitutes this Court's findings of fact, conclusions of law, and order pursuant to Fed.R.Bankr.P. 7052.

Findings of Fact and Conclusions of Law

As noted above, the plaintiff has successfully obtained a state court judgment against the defendant which the plaintiff contends should be given collateral estoppel effect for the purposes of the plaintiff's

§ 523(a)(6) dischargeability complaint. The judgment awarded the plaintiff both compensatory and punitive damages based on the jury's finding that the defendant willfully and maliciously injured the plaintiff. The defendant does not contest any factual issues here. Furthermore, the defendant has stipulated that the issues decided by the jury in the state court action were the same as the legal issues which this Court would need to decide in a § 523(a)(6) action.

This Court believes that the recent 8th Circuit decision in *Johnson v. Miera (In re Miera)*, 926 F.2d 741 (8th Cir.1991) governs this dispute. The *Miera* decision found that a state court judgment which was based on a willful and malicious injury could be given collateral estoppel effect for § 523(a)(6) purposes and bar the discharge of both the compensatory and punitive damage awards if the test for collateral estoppel is satisfied. The *Miera* decision noted that:

It is well settled under the collateral estoppel doctrine that four elements must exist to bar relitigation of a factual issue in a subsequent proceeding:

(1) the issue sought to be precluded must be the same as that involved in the prior action;

(2) the issue must have been litigated in the prior action;

(3) the issue must have been determined by a valid and final judgment; and

(4) the determination must have been essential to the prior judgment.

926 F.2d at 743. The defendant has not disputed the plaintiff's assertions that all of the necessary collateral estoppel elements have been satisfied.

The defendant's only argument in this proceeding has been that in the interest of equity this Court should not apply the doctrine of collateral estoppel, and instead should review the facts of the case and reach its own decision on the merits. The defendant urges this approach because the defendant believes that the Court would

---

**1.** All statutory references are to Title 11 of the United States Code (the Bankruptcy Code) un-   less otherwise indicated.

reach a different decision than the jury reached in the state court decision. This argument, however, has been rejected by the weight of authority. As the United States Supreme Court observed in *Federated Department Stores, Inc., v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981):

> A final judgment on the merits óf an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Nor are the res judicata consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case. As this Court explained in *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 325, 47 S.Ct. 600, 604, 71 L.Ed. 1069 (1927), an "erroneous conclusion" reached by the court in the first suit does not deprive the defendants in the second action "of their right to rely upon the plea of *res judicata*.... A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause of action." We have observed that "the indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of *res judicata* to avert." (citations omitted).

The observations of the United States Supreme Court in *Federated Department Stores* (which discusses res judicata) have been applied to the collateral estoppel doctrine as well. *Goss v. Goss*, 722 F.2d 599, 605 (10th Cir.1983). The *Goss* court went on to point out that applying collateral estoppel in such a fashion:

> does not work a hardship on the defendant. He had an opportunity to present his case on dischargeability under § 17a(7) [of the old Bankruptcy Act] to the state court, which, pursuant to the 1970 congressional amendments to the bankruptcy laws, had jurisdiction to de-

cide this issue. Moreover, defendant had a right to appeal in the Oklahoma courts; collateral estoppel merely bars him from relitigating the dischargeability issue in federal court.

*Goss*, 722 F.2d at 605. Other cases have made the same observation. *In re Wallace*, 840 F.2d 762, 765 (10th Cir.1988) ("[Defendant] cannot now contest the finality of the judgment or attempt in this court to collaterally attack the findings made by the state court after a trial on the merits.") (citing *United States Life Title Insurance Co. v. Dohm (In re Dohm)* 19 B.R. 134, 138 (N.D.Ill.1982)). (Other citation omitted).

Based on the above authority, this Court must reject the defendants' argument that collateral estoppel should not apply and that this Court instead should reopen the issue for its own examination. Moreover, this Court does not find any greater equity in defendant's argument that the Court should ignore the principles of issue preclusion. As the Supreme Court pointed out in *Federated Department Stores:*

> There is simply "no principle of law or equity which sanctions the rejection by the federal court of the salutary principle of *res judicata*." *Heiser v. Woodruff,* 327 U.S. 726, 733, 66 S.Ct. 853, 856, 90 L.Ed. 970 (1946). The Court of Appeals' reliance on "public policy" is similarly misplaced. This Court has long recognized that "[p]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." *Baldwin v. Traveling Men's Assn.,* 283 U.S. 522, 525, 51 S.Ct. 517, 518, 75 L.Ed. 1244 (1931). We have stressed that "[the] doctrine of *res judicata* is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, 'of public policy and of private peace,' which should be cordially regarded and enforced by the courts...." *Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 299, 37 S.Ct. 506, 507, 61 L.Ed. 1148 (1917).

Again this Court believes that the observations of the Supreme Court on the doctrine of res judicata apply with full force in the present discussion of the doctrine of collateral estoppel. Based on the overwhelming authority set forth in the above text, this Court finds no reason that the doctrine of collateral estoppel should not apply here. Hence, the *Miera* case governs this issue and the defendants' debt to plaintiff is nondischargeable under § 523(a)(6).

### ORDER

It is therefore ordered that debtors' debt to Rita Engh for damages awarded in a state court proceeding is nondischargeable under § 523(a)(6).

DONE AND ORDERED.