■ FMB SYSTEMS, INC., Respondent, v MERRIAM GATEWAY ASSOCIATES et al., Defendants, and BENJAMIN ORATZ, Appellant. [678 NYS2d 779] —In an action to enforce a New Jersey judgment, the defendant, Benjamin Oratz, appeals from (1) an order of the Supreme Court, Nassau County (Lockman, J.), entered August 29, 1997, which granted the plaintiff's motion for summary judgment, and (2) a judgment of the same court, entered September 17, 1997, which is in favor of the plaintiff and against him in the principal sum of $45,012.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff in this action, FMB Systems, Inc., (hereinafter FMB), was granted judgment against Merriam Gateway Associates (hereinafter Merriam), on March 15, 1994, by the Superior Court of New Jersey, Essex County. FMB then brought an action in New York against, among others, Benjamin Oratz, a general partner of Merriam, seeking to enforce the New Jersey judgment against him. Oratz opposed FMB's motion for summary judgment, contending that the New Jersey court which entered the judgment did not have personal jurisdiction over Merriam in New Jersey, and that the New Jersey judgment was procured by fraud.

Oratz's claim that the New Jersey judgment against Merriam was rendered on default is without merit. The judgment itself recites that it was rendered after a two-day trial at which Merriam was represented by counsel. The doctrine of full faith and credit "requires recognition of the foreign judgment as proof of the prior-out-of-State litigation and gives it res judicata effect" (Matter of Farmland Dairies v Barber, 65 NY2d 51, 55). Furthermore, Merriam, having appeared in the New Jersey action, may not now seek to challenge that court's jurisdiction over it in our courts. Thus, review of Oratz's claims that New Jersey lacked personal jurisdiction over Merriam, and his allegations of fraud, all of which relate to the issue of personal jurisdiction, are foreclosed by the doctrines of full faith and credit and res judicata (see, Baldwin v Traveling Men's Assn., 283 US 522).

Finally, judgment against Oratz based upon the judgment against Merriam was properly granted, as Oratz is a general partner of Merriam (see, Partnership Law § 26). Joy, J. P., Friedmann, Krausman and Luciano, JJ., concur.