# United States Court of Appeals
# for the Federal Circuit

---

## IN RE BAXTER INTERNATIONAL, INC.

---

2011-1073

---

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences in Reexamination No. 90/007,751.

---

## ON PETITION FOR PANEL REHEARING AND REHEARING EN BANC

---

WILLIAM F. LEE, Wilmer Cutler Pickering Hale and Dorr, LLP, of Boston, Massachusetts, filed a combined petition for panel rehearing and rehearing en banc for the appellant. With him on the petition were WILLIAM G. MCELWAIN, DAVID L. CAVANAUGH, TODD C. ZUBLER, THOMAS G. SAUNDERS and HEATHER M. PETRUZZI, of Washington, DC.

RAYMOND T. CHEN, Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Alexandria, Virginia, filed a response to the petition for appellee. With him on the response were SYDNEY O. JOHNSON, JR. and SCOTT C. WEIDENFELLER, Associate Solicitors. Of counsel was JANET A. GONGOLA, Associate Solicitor.

---

Before RADER, *Chief Judge*, NEWMAN, LOURIE, BRYSON, LINN, DYK, PROST, MOORE, O'MALLEY, REYNA, and WALLACH, *Circuit Judges*.

O'MALLEY, *Circuit Judge*, with whom RADER, *Chief Judge*, and LINN, *Circuit Judge*, joins, concurs in the denial of the petition for rehearing en banc.

NEWMAN, *Circuit Judge,* dissents from the denial of the petition for rehearing en banc.

PER CURIAM.

# **O R D E R**

A combined petition for panel rehearing and rehearing en banc was filed by Appellant, and a response thereto was invited by the court and filed by Appellee. The petition for rehearing was considered by the panel that heard the appeal, and thereafter the petition for rehearing en banc and the response were referred to the circuit judges who are authorized to request a poll of whether to rehear the appeal en banc. A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The petition of Appellant for panel rehearing is denied.

(2) The petition of Appellant for rehearing en banc is denied.

(3) The mandate of the court will issue on November 2, 2012.

FOR THE COURT

October 26, 2012                /s/ Jan Horbaly
Date                            Jan Horbaly
                                Clerk

# United States Court of Appeals for the Federal Circuit

---

## IN RE BAXTER INTERNATIONAL, INC.,

---

### 2011-1073

---

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences in Reexamination No. 90/007,751.

---

O'MALLEY, *Circuit Judge*, concurring, with whom RADER, *Chief Judge*, and LINN, *Circuit Judge* join.


I concur in the denial of the request for rehearing en banc. I do so, however, premised on my understanding that the panel opinion does not, as the dissent claims and the petition for rehearing en banc assumes, endorse "administrative nullification of a final judicial decision." *In re Baxter, Int'l Inc.*, 678 F.3d 1357, 1366 (Fed. Cir. 2012) (Newman, J., dissenting). Nothing in this opinion, or in those on which it relies, alters the governing legal principles of res judicata or abandons the concept of finality those principles further.

The majority here concludes—rightly in my view—that a prior court decision in which a party has failed to prove a patent invalid does not bar the Patent and Trademark Office (PTO) from subsequently reexamining that same patent. And, it concludes that, despite a final court

judgment reaching a contrary conclusion as between the patent holder and one alleged infringer, the PTO is free to conclude that the patent is, indeed, invalid. That proposition is an unremarkable one.

In a court proceeding, a patent is not found "valid." A judgment in favor of a patent holder in the face of an invalidity defense or counterclaim merely means that the patent challenger has failed to carry its burden of establishing invalidity by clear and convincing evidence in that particular case—premised on the evidence presented there. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1429 n.3 (Fed. Cir. 1988). If the PTO later considers the validity of that same patent, it does so based on the evidence before it and under the lesser burden of proof that applies in reexamination proceedings. As the majority notes, Congress granted the PTO the right to act within the realm of its authority. *In re Baxter, Int'l Inc.* 678 F.3d at 1365.

These conclusions do not mean, however, that, when the PTO does act in the context of a reexamination proceeding, its conclusions can alter the binding effect of a prior judgment in a judicial proceeding. They cannot, and the PTO concedes as much in its response to the petition for rehearing en banc when it states that "[i]f a federal court awards relief to a patent holder against an infringer, a subsequent reexamination decision that the patent is invalid does not disturb the judgment of the court or alter its binding effect on the parties." PTO Response at 14. This concession is consistent with, and dictated by, well-established principles of res judicata. *See San Remo Hotel, L.P. v. City & Cnty. of S.F.*, 545 U.S. 323, 336 n.16 (2005) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); *see also Reed v. Allen*, 286 U.S. 191, 198-99 (1932) ("[the] well-established doc-

trine of res judicata [was] conceived in the light of the maxim that the interest of the state requires that there be an end to litigation—a maxim which comports with common sense as well as public policy."); *Foster v. Hallco Mfg Co., Inc.*, 947 F.2d 469, 475-76 (Fed. Cir. 1991) ("The principles of law denominated 'res judicata' embody the public policy of putting an end to litigation.").

The dissent's fears, and the premise of the petition for rehearing en banc are unfounded. Well-established principles of res judicata will govern the continuing relationship between the parties to any court proceeding and will dictate whether the PTO's reexamination ruling will have any impact on them going forward. Reassured by this fact, I concur in the denial of the request for rehearing en banc in this matter.

# United States Court of Appeals
# for the Federal Circuit

---

**IN RE BAXTER INTERNATIONAL, INC.**

---

2011-1073

---

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences in Reexamination No. 90/007,751.

---

NEWMAN , *Circuit Judge*, dissenting from denial of the petition for rehearing en banc.

Baxter requests rehearing en banc, for the court holds that a final judgment of this court, after trial and appeal, has no preclusive effect on administrative agency review of the same issue on the same evidence—and also has no preclusive effect on our judicial redetermination of the same issue on the same evidence. Thus the loser in the initial adjudication need only seek reexamination of the patent that was finally adjudged to be infringed, and the agency is authorized to start again, again encumbering the patent. This principle is critically at odds with the tenets of repose and conclusiveness of judicial determination:

> This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the

> maintenance of social order; for the aid of judicial tribunals would not be invoked for the vindication of rights of person and property if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue, and actually determined by them.

*Southern Pac. R.R. v. United States*, 168 U.S. 1, 49 (1897).

Nonetheless, the Federal Circuit today again endorses this departure from established judicial and administrative process. This departure directly confronts the Constitution, for "[j]udgments, within the powers vested in courts by the Judiciary Article of the Constitution, may not lawfully be revised, overturned or refused faith and credit by another Department of Government." *Chi. & S. Airlines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 114 (1948). I respectfully dissent.[1]

## DISCUSSION

The court holds that the Federal Circuit's final decision of patent validity, upon full trial and appeal,[2] is of no effect on subsequent redetermination of patent validity by the Patent and Trademark Office, and of no effect on the Federal Circuit's subsequent review of that redetermination. However, issues that have been litigated and finally

---

[1] I take note of my concurring colleague's support for this inaction, offering the hope that "res judicata will govern." However, res judicata did not govern, and the court's refusal to reconsider the issue assures that res judicata will not govern.

[2] *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431 SBA, 2007 WL 518804 (N.D. Cal. Feb. 13, 2007), *aff'd, Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288 (Fed. Cir. 2009).

adjudicated, are finally decided. As the Court reiterated in *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 390–91 (1985), "a party is precluded from asserting a claim that he had a 'full and fair opportunity' to litigate in a prior action." There is no issue in this case of previously unavailable information, or fraud, or any other reason for discarding the finality of the final adjudication. *See San Remo Hotel, L.P. v. City & Cnty. of San Francisco*, 545 U.S. 323, 336 n.16 ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action"). Relitigation in the guise of inter partes reexamination is not liberated from these constraints.

My concern is not with the principle of patent reexamination and the useful purposes for which it was designed; my concern is that reexamination is inappropriate for redetermination of issues that have been finally determined in judicial proceedings. Since only valuable patents on successful inventions are litigated, the court has created an additional burden and disincentive to inventors, for reexamination after a patent has been sustained in court is a multiplier of cost, delay, and uncertainty, in direct negation of the principles of res judicata.

The patent here at issue is for an invention that Baxter commercially developed and is marketing. The patent was granted in 1993. The litigation was initiated by Fresenius in 2003 by declaratory action. The action was decided by the district court in 2007, sustaining patent validity, and the appeal to the Federal Circuit was decided in 2009, sustaining patent validity. *See* n.2 *supra*. A reexamination request was filed by Fresenius in 2005, and in 2010 the Board of Patent Appeals and Interferences, stating that "the agency is not bound by the court's determination," BPAI Op. at 26, decided the same issues

of patent validity on the same evidence, to contrary result.[3]

The appeal is again in the Federal Circuit, with this court deferring to the PTO's decision as "substantially" supported, and refusing to recognize our own final decision three years earlier on the same evidence. Although patent validity is a question of law, the court declines *de novo* review, refuses to be bound by our prior decision, and authorizes the agency to overrule the court, all without a nod to finality, or correctness, or res judicata, or the Constitution.

Finality is central to legal systems, and "'has found its way into every system of jurisprudence, not only from its obvious fitness and propriety, but because without it, an end could never be put to litigation.'" *San Remo Hotel*, 545 U.S. at 336–37 (quoting *Hopkins v. Lee*, 19 U.S. (6 Wheat.) 109, 114 (1821)). Those who bring inventions into commerce depend on the repose created by final judgments. Patents are increasingly litigated, perhaps due to the importance of today's technologies, but after the litigation is done, the prevailing party is entitled to rely on the final judgment. "Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981) (quoting *Baldwin v. Traveling Men's Ass'n*, 283 U.S. 522, 525 (1931)).

The Constitution and the Court leave no doubt that final judgments are final. Even if a court errs in its

---

[3]   *Ex parte Baxter Int'l, Inc.*, No. 2009-006493, 2010 WL 1048980 (B.P.A.I. Mar. 18, 2010) ("*BPAI Op.*"); *Ex parte Baxter Int'l, Inc.*, No. 2009-006493, 2010 WL 3032865 (B.P.A.I. July 20, 2010) (rehearing denied).

judgment, that does not deprive the decision of its finality. *See Johnson v. Watkins*, 101 F.3d 792, 795 (2d Cir. 1996) ("the occasional permanent encapsulation of a wrong result is a price worth paying to promote the worthy goals of ending disputes and avoiding repetitive litigation"). Patent rights, like other commercial and property rights, are not immune from this fundamental judicial principle. In *Gordon v. United States*, 117 U.S. 697, 702 (1865) the Court reiterated that judgments of Article III courts are "final and conclusive upon the rights of the parties."

Here, the parties are the same in the litigation and the reexamination. In the earliest days of this nation, it was established that "Congress cannot vest review of the decisions of Article III courts in officials of the Executive Branch." *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 218 (1995) (citing *Hayburn's Case*, 2 U.S. (2 Dall.) 409 (1792)). The Court has reinforced these principles as the complexity of the administrative state has increased, and has stressed that "Article III, §1 safeguards the role of the Judicial Branch in our tripartite system by barring congressional attempts 'to transfer jurisdiction [to non-Article III tribunals] for the purpose of emasculating' constitutional courts.'" *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 850 (1986) (brackets in original, citations omitted).

The judicial power as established in Article III is "an inseparable element of the constitutional system of checks and balances." *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 58 (1982). Patent reexamination is not an exception to the constitutional structure. Its review of patentability clarifies the patent grant, but not without cognizance of any intervening litigation. The intent was that a reexamination system could avoid litigation; not that it could overturn the result of litigation. *See* Patent Reexamination: Hearing on S. 1679

Before the Senate Comm. on the Judiciary, 96th Cong. 15–16 (1979) (statement of Comm'r Sidney Diamond)

> Reexamination would eliminate or simplify a significant amount of patent litigation. In some cases, the PTO would conclude as a result of reexamination that a patent should not have issued. A certain amount of litigation over validity and infringement thus would be completely avoided.

*See also, e.g.*, 126 Cong. Rec. 30,364 (1980) (statement of Sen. Bayh) ("Reexamination would allow patent holders and challengers to avoid the present costs and delays of patent litigation. . . . Patent reexamination will also reduce the burden on our overworked courts by drawing on the expertise of the Patent and Trademark Office."); 126 Cong. Rec. 29,901 (1980) (statement of Rep. Hollenbeck) ("As a result of the provision for reexamination, the potential conflict can be settled by the Patent Office itself in far shorter time and at far smaller expense to the challenger or to the patent holder than would be the case if the only recourse was through the court system.").

My colleagues state that the Federal Circuit is justified in refusing to be bound by our own final decision of the same issue, by purporting to apply a different standard of review. However, patent validity is a question of law; law is not subject to deferential determination. *See Beachcombers, Int'l, Inc. v. WildeWood Creative Prods., Inc.*, 31 F.3d 1154, 1163 (Fed. Cir. 1994) (claims must be interpreted the same way at the PTO as they are in the courts). It is time for this court to confront its conflicting precedent, founded in *Standard Havens Products, Inc. v. Gencor Industries, Inc.*, 996 F.2d 1236, 1993 WL 172432 (Fed. Cir. May 21, 1993), where this court held that "contrary to the assumption of the trial court, the reexamination proceeding 'would control' the infringement

suit." *Id.  See also In re Translogic Tech., Inc.*, 504 F.3d 1249 (Fed. Cir. 2007); *Translogic Tech., Inc. v. Hitachi, Ltd.*, 250 Fed. Appx. 988 (Fed. Cir. 2007).  The message has not escaped practitioners, *see, e.g.*, Gregory V. Novak, *Concurrent Reexaminations as a Strategic Patent Litigation Defense Tool*, Practicing Law Institute Intellectual Property Course Handbook, at 818–23 (Sept–Nov 2010); Wayne B. Paugh, *The Betrayal of Patent Reexamination: An Alternative to Litigation, Not a Supplement*, 19 Fed. Cir. B.J. 177 (2009–2010).

These departures from the constitutional requirements of judicial authority require attention, for the holding that reexamination can override the finality of final judicial is having enlarged impact.[4]  The PTO grants most requests for reexamination, *see* USPTO Reexamination Filing Data – June 30, 2012, http://www.uspto.gov/patents/stats/index.jsp (granting 92% of ex parte and 94% of inter partes reexamination requests), and a patent in reexamination carries a "stigma of uncertainty regarding entitlement to the patent," *Bruning v. Hirose*, 161 F.3d 681, 685 (Fed. Cir. 1998).

It is time for the court to resolve the concerns and conflicts it has created.

---

[4]     My concurring colleague deems it "unremarkable" that the PTO is authorized to overturn a ruling finally decided between the same parties in litigation.  Such a weighty matter should not be so casually dismissed.  "Deciding whether a matter has in any measure been committed by the Constitution to another branch of government, or whether the action of that branch exceeds whatever authority has been committed, is itself a delicate exercise in constitutional interpretation, and is a responsibility" entrusted to the courts. *Baker v. Carr*, 369 U.S. 186, 211 (1962).