Ellen Jo PERRY (now Banks), Movant,

v.

John J. PERRY, Respondent.

Supreme Court of Kentucky.

Oct. 12, 1982.

Robert H. Littlefield, Legal Aid Society, Inc., Elizabethtown, for movant.

Nick L. Pearl, Pearl, Pearl & Pearl, Radcliff, for respondent.

STEPHENSON, Justice.

The issue in this review is whether the Hardin Circuit Court is required to give full faith and credit to a modification of child custody by a Texas court. The Court of Appeals reversed the trial court and decided that full faith and credit should have been given to the Texas modification order. We reverse the decision of the Court of Appeals.

The parties here were married and lived in Texas. The child was born in 1974. In 1977 the parties obtained a divorce in Texas. Custody of the child was granted to the movant. Movant moved to Oklahoma and remarried there. She lived in Oklahoma two years. From there she went to Indiana to stay temporarily with her husband's relatives and then on to this state on March 28, 1979.

On April 3, 1979, the respondent filed a motion for modification of the custody order in the Texas court which had granted the divorce. Process was served on movant's in-laws in Indiana. Movant then retained a Texas attorney who made a special appearance to object to the jurisdiction of the Texas court. The Texas court held that it has jurisdiction of the movant and the child. Movant did not pursue the ruling in an appellate court.

Later a modification hearing was set and there was no appearance by the movant or her attorney. The Texas court ruled movant had defaulted, found the facts according to respondent's allegations and entered an order changing custody to respondent. Movant did not appeal.

In 1980 respondent filed a complaint in the Hardin Circuit Court demanding enforcement of the Texas modification order. After the trial court set a hearing on the complaint, respondent sought a writ of mandamus in the Court of Appeals to compel the Hardin Circuit Court to give full faith and credit to the order of the Texas court.

The Court of Appeals directed the trial court to determine if the judgment of the Texas court is entitled to full faith and credit.

The trial court adjudged that the Texas order was not entitled to full faith and credit and awarded custody to the movant after a hearing on the response asking the trial court to award custody to movant.

The Court of Appeals reversed the judgment of the trial court reciting a failure of the trial court to follow the directions of the Court of Appeals' order and deciding the full faith and credit issue in favor of the respondent. The Court of Appeals further observed that the evidence at the hearing should have been before the Texas court and that there were no findings of changed circumstances.

■ We are of the opinion the Court of Appeals is correct in holding the trial court improperly tried, what it called, the merits of the case.

From a review of the record it is obvious to us that the only issue in this case is whether the Texas order is entitled to full faith and credit. The hearing by the trial court, the findings as to the best interest of the child and the holding that Kentucky courts have jurisdiction as to custody are all superfluous.

The complaint filed in the trial court requested that the trial court grant full faith and credit to the Texas order. The response raised the question of jurisdiction and asked for a hearing on custody. The movant has had custody of the child since the divorce judgment. With the denial of full faith and credit, the trial court has no issue of custody to determine. The only question before the trial court is full faith and credit.

■ We are of the further opinion the Texas order is not entitled to full faith and credit. *May v. Anderson*, 345 U.S. 528, 73 S.Ct. 840, 843, 97 L.Ed. 1221 (1953), seems so close on point as to settle this issue. The

court held Ohio was not required to give full faith and credit to a Wisconsin divorce judgment awarding custody of minor children to the father. The Wisconsin court did not have personal service, a copy of the Wisconsin court summons being delivered to the mother in Ohio. "We have before us the elemental question whether a court of a state, where a mother is neither domiciled, resident nor present, may cut off her immediate right to the care, custody, management and companionship of her minor child *without having jurisdiction over her in personam.* Rights far more precious to appellant than property rights will be cut off if she is to be bound by the Wisconsin award of custody.

" '(I)t is now too well settled to be open to further dispute that the "full faith and credit" clause and the act of Congress passed pursuant to it do not entitle a judgment *in personam* to extraterritorial effect if it be made to appear that it was rendered without jurisdiction over the person sought to be bound.' " (Emphasis added.)

We can see no fundamental difference in principle with the situation here. Movant entered a *special appearance* in Texas, this did not give personal jurisdiction to the Texas court. The prospect that the ruling on jurisdiction and the default proceeding in movant's absence might well be considered *res judicata* in Texas, does not affect the full faith and credit issue here.

The U.S. Supreme Court cases cited in the Court of Appeal's opinion are inapposite. Two of the cases, *Sherrer v. Sherrer,* 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429 (1948), and *Coe v. Coe,* 334 U.S. 378, 68 S.Ct. 1094, 92 L.Ed. 1451 (1948), involve general appearances and litigation on the merits. The court held the jurisdiction question waived and the judgment entitled to full faith and credit. The other case, *Baldwin v. Iowa State Traveling Men's Ass'n.,* 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1933), involved U.S. District Courts in different states and the court held that no state court being involved full faith and credit was not applicable.

The decision of the Court of Appeals is reversed with direction that the trial court judgment denying full faith and credit be affirmed and the remainder of the judgment be vacated as superfluous.

All concur.