**770**

Anthony S. GREEN, Sr., Appellant,

v.

Angela J. Green
BRUENNING, Appellee.

Court of Appeals of Kentucky.

May 24, 1985.

As Modified May 31, 1985.

Norman R. Lemme, Alan Twisselman, Shepherdsville, for appellant.

Eric G. Farris, Buckman & Farris, Shepherdsville, for appellee.

Before COMBS, HOWARD and LESTER, JJ.

LESTER, Judge.

This is a domestic relations case in which the Bullitt Circuit Court granted full faith and credit to a Texas divorce decree which decided issues of custody and child support.

On July 13, 1982, appellant, Anthony Green, filed a petition for dissolution of marriage seeking custody of the parties' infant child and requesting a restraining order to prevent Angela Green from removing the child from Bullitt County. The restraining order was granted that day although Angela was not immediately served with a copy of the petition and order. She apparently did move to Texas shortly thereafter, taking the child with her. On September 2, 1982, a summons and the petition were sent by certified mail to her Texas address where the return receipt was signed by Angela's mother, Doris Young.

Shortly thereafter, Angela filed a divorce action in Texas, seeking custody and child support. In that petition, she alleged that there were no other court-ordered relationships affecting the child. Seven days later, she filed an answer in Bullitt Circuit Court entering a special appearance to object to the jurisdiction of that court. It is interesting to note that while appellant alleged that both parties were Kentucky residents and had been since birth, the appellee answered that neither party had been residents of Kentucky since the marriage and that the child was born in and has always resided in Texas.

On October 15, 1982, the Bullitt Circuit Court ordered that appellee deliver the child to his father. However, on December 10, 1982, the Texas court entered a decree of divorce, awarding custody and child support to Angela. A copy of the Texas petition had been delivered to appellant in October by the Bullitt County Sheriff, however, Anthony did not enter an appearance.

Angela apparently did return to Kentucky and asked the Bullitt Circuit Court to extend full faith and credit to the Texas decree. On July 24, 1984, the court below

ordered that all portions of the Texas decree were entitled to full faith and credit.

Appellant argues on appeal that those portions of the Texas decree pertaining to child support and custody should not have been given full faith and credit. We agree, finding *Perry v. Perry,* Ky., 639 S.W.2d 780 (1982), dispositive of this issue.

While most problems with the enforcement of foreign decrees have been eliminated by the adoption of the Uniform Child Custody Jurisdiction Act (UCCJA), this is not the first time this Court has faced difficulty with decrees from Texas. At the time of the decree herein, Texas was the only state refusing to adopt the Act, maintaining a theory of "continuing jurisdiction" in child custody cases. 71 KLJ 445, at 470 (1982–83).

We believe it is clear under the UCCJA and under 28 U.S.C. § 1738A (1980), the Parental Kidnapping Prevention Act (PKPA), that the Texas court would not have had jurisdiction. In *Perry, supra,* our Supreme Court ruled that a custody decree from a state that had not adopted the uniform act was not entitled to full faith and credit in Kentucky courts. This is an even stronger case than *Perry,* as appellant herein made *no* appearance in the Texas courts. In *May v. Anderson,* 345 U.S. 528, 73 S.Ct. 840, 843, 97 L.Ed. 1221 (1953), the Court held that a court of a state where a party is neither domiciled, resident, nor present, may not cut off an immediate right to custody of children, without having jurisdiction in personam, at least not with binding effect upon a sister state.

Furthermore, the PKPA requires that full faith and credit be given to custody determinations of sister states only when they are consistent with the provisions of that act. Section (g) of the PKPA and the UCCJA are designed to prohibit a state from taking jurisdiction and determining custody where proceedings have already been instigated in another state.

In this case, a petition for dissolution, seeking custody, had been filed and a restraining order had been entered by the Bullitt Circuit Court before any attempt was made to bring an action in Texas. As we find that notice was properly given to Angela in accordance with the methods prescribed by KRS 403.440, this state retained jurisdiction, absent a finding under KRS 403.460 or KRS 403.470.

Accordingly, the order of July 24, 1984, granting full faith and credit to the Texas decree provisions relating to custody and child support is reversed and the cause is remanded for a determination of custody, or for findings consistent with the views expressed herein.

All concur.